[Civ. No. 1367. Second Appellate District.—May 1, 1913.]

W. R. HAYDEN, Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF LOS ANGELES, and CHARLES MONROE, Judge Thereof, Respondents.

TRIAL—SETTING CAUSE—NOTICE—RULE OF COURT.—A rule of the superior court providing that civil actions may be set for trial upon motion of a party upon five days' written notice, or on motion based upon stipulation of the parties, is reasonable and not inconsistent with section 594 of the Code of Civil Procedure.

ID.—SECTION 594 OF CODE OF CIVIL PROCEDURE—PURPOSE AND CONSTRUCTION.—Section 594 of the Code of Civil Procedure does not prescribe or apply to procedure for setting a cause down for trial, but provides that after a day is fixed for trial, notice of the same must be given to the adverse party.

ID.—FAILURE TO GIVE NOTICE OF SETTING CAUSE—VACATION OF ORDER. The failure of a plaintiff to comply with the rule of court requiring five days' written notice of the application for the setting of the cause to be given to the adverse party, justifies the court in vacating its order setting the cause for trial.

PETITION for Writ of Mandate requiring the Superior Court to try a pending cause.

The facts are stated in the opinion of the court.

E. M. Barnes, for Petitioner.

THE COURT.—The petition herein purports to be an application for a writ of mandate directed to the superior court of Los Angeles County (the Honorable Charles Monroe, judge thereof), requiring it to try a certain cause pending therein, entitled ''W. R. Hayden, plaintiff, *v.* Robert Law, defendant.'' By an order of court made March 13, 1913, upon the *ex parte* motion of plaintiff, the case was set for trial on the thirteenth day of May, 1913. On April 28th following, the court, upon motion of defendant, made an order vacating and setting aside the first order made for the reason that plaintiff had failed to comply with rule 17 of the superior court, which provides that ''Civil actions at issue may be set for trial in the respective departments, where they are pending, upon motion of a party upon five days' written notice of such motion to the adverse party, or on motion based upon stipulation of the parties.'' The power of a court of record to make reasonable rules for its government and the government of its officers is found in section 129 of the Code of Civil Procedure. That the rule in question is reasonable is apparent. The claim of petitioner, however, is that it is inconsistent with the provisions of section 594 of the Code of Civil Procedure, which provides that either party may bring an issue to trial, and that where the issue to be tried is one of fact, ''proof must first be made to the satisfaction of the court that the adverse party has had five days' notice of such trial.'' This section does not purport to prescribe or apply to the procedure for setting a cause down for trial, but provides that after a day is fixed for trial thereof notice of the same must be given to the adverse party. In the absence of a rule similar to rule 17, no notice of the application to have a cause set for trial is required. By virtue of this rule, however, the giving of such notice is a prerequisite to the fixing of the time for trial. It is binding not only upon the court, but upon the parties to the action, and by reason of the failure on the part of plaintiff to give the required notice the court was clearly justified in granting the motion of defendant to vacate and set aside the order. What is said by the supreme court in the case of *McNeill & Co.* v. *Doe,* 163 Cal. 338, [125 Pac. 345], has no application for the reason that such rule was not involved in that case. The court merely held that under section 594 of the Civil

Code, the giving of a notice of an application for the setting of a cause for trial was not required.

The writ is denied.