[Crim. No. 1743. Second Appellate District, Division One.—January 22, 1929.]

THE PEOPLE, Respondent, v. FRANK LAMBERT, Appellant.

Edward J. Kelly for Appellant.

U. S. Webb, Attorney-General, and L. G. Campbell, Deputy Attorney-General, for Respondent.

HOUSER, J.— This is a motion to dismiss an appeal on the ground that it was not perfected as required by section 7 of the rules of the supreme court, and the district court of appeal.

So far as is here material, the rule to which reference has been had provides that: "Upon an appeal by the de-

fendant from a judgment of conviction, . . . the appellant must, within five days after giving notice of the appeal, file with the clerk and present an application to the trial court, stating in general terms the grounds of the appeal and the points upon which the appellant relies. . . . If such application is not filed within said time the appeal shall be dismissed. . . . ''

It appears that after giving notice of appeal herein appellant failed to comply with the requirement of such rule to the effect that within five days thereafter he must file with the clerk a statement containing the grounds of the appeal and the points upon which he relies for reversal of the judgment. However, it was shown that he did file such statement on the seventh day following his notice of appeal.

On oral argument of the motion the only reason assigned by appellant for his dereliction in the matter was that, although he knew that prior to the adoption of the rule, in language nearly identical therewith, section 1247 of the Penal Code provided for the necessary procedure, together with a penalty for its violation, he relied on the fact that the statute had been repealed and did not know that by statutory provision the rule had taken or would take the place of the repealed statute.

Although it appears that the failure of appellant to comply with the provisions of the rule was wholly unintentional on his part, and that in some respects the delay may be said to be inconsequential, it is manifest that if the rule is to be effective it must be generally enforced and its infraction excused in exceptional circumstances only. In matters of the nature of that here under consideration it is a well-established principle that mere lack of knowledge of a provision of a law or rule of court will not suffice as an excuse for noncompliance with its requirements.

The motion to dismiss the appeal is granted.

Conrey, P. J., and York, J., concurred.