[Civ. No. 41462. First Dist., Div. One. Nov. 22, 1977.]

BETTY LOU La BUE, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
RICHARD G. La BUE, Real Party in Interest.

COUNSEL

Scher, Bassett & Rosenthal and William H. Bassett for Petitioner.

No appearance for Respondent.

Scholz & Shecter and Philip H. Shecter for Real Party in Interest.

OPINION

ELKINGTON, J.—We granted an alternative writ of mandate to consider the validity of an order of the Superior Court of San Mateo County applying rule XIII of that court.

Betty Lou La Bue had commenced an action for the dissolution of her marriage to Richard G. La Bue. In her "Petition" she alleged that the following was community property subject to division by the court: "Family residence located at 785 Pullman Road, Hillsborough, California. 1975 El Dorado automobile. R & S Vending Company Life Insurance Policies. Household furniture and furnishings, and other community property unknown to Petitioner at this time." Richard's response stated the petition was incorrect and that the only property subject to disposition by the court was some furniture and furnishings. He claimed the residence, car and business as his separate property by virtue of an executed post-nuptial agreement.

Rule XIII was amended, effective August 31, 1976. The amendment embraced, for the first time, a requirement of the filing in marriage dissolution proceedings of a "Pre-Trial Statement/Request for Admissions." In "short cause" matters such a filing was a condition precedent to the clerk's acceptance and filing of a "memorandum to set a domestic relations case for trial." The rule, as amended, then stated:

"Such a Reply Pre-Trial Statement shall not incorporate a request for admissions. Should the opposing side fail to file a Reply Pre-Trial Statement within the time provided in this paragraph [31 days], the relevant facts set forth in the Pre-Trial Statement/Request for Admissions shall be deemed admitted and objections waived in accordance with Section 2033 of the Code of Civil Procedure."

"Should one side file and serve the required Pre-Trial Statement/Request for Admissions within the required time, and the opposing side fail to file and serve at or before the settlement conference date, the relevant facts set forth in the Pre-Trial Statement/Request for Admissions will be deemed admitted and objections waived in accordance with Section 2033 of the Code of Civil Procedure."

"Relief from the operation of this Rule may be had in appropriate cases only upon motion for good cause duly shown, . . ."

Prior to the August 31, 1976, amendment to rule XIII, that rule required each party to such a dissolution action to prepare, serve and file, at least five days before trial, a compilation of information in respect of the separate and community property, the community debts, and "a proposed division of the property, allocating assets, liabilities, costs and fees."

In the marriage dissolution action Richard's attorney, along with a "Memorandum That Civil Case Is at Issue and Certificate of Readiness" declaring the case to be a short cause, filed, March 28, 1977, a paper entitled "Respondent's Pre-Trial Statement." It was declared therein that "There are no community assets subject to division, . . ." It should be borne in mind that the document was not entitled "Pre-Trial State-ment/*Request for Admissions*" (italics added) as required by rule XIII, and that nowhere therein was a request made for admissions. Further, the paper would appear to have been a proper compliance with rule XIII as it read *before the August 31, 1976, amendment.*

From the rule's designated title of the initial document, i.e., "Pre-Trial Statement/Request for Admissions," and its requirement that the "Reply Pre-Trial Statement shall *not* incorporate a request for admis-sions" (italics added), rule XIII will reasonably be interpreted to require an express request for admissions in the first of those papers.

Betty's attorney *did not,* within 31 days of Richard's "Respondent's Pre-Trial Statement," file a "Reply Pre-Trial Statement" as required by rule XIII as amended August 31, 1976. The trial date of the action was set for May 26, 1977. Nevertheless the parties continued to act as though the status of the property was in question. On April 18, well within the 31 days, Betty served, and filed the following day, her notice of motion for order to appraise the real property and furnishings located therein, which she claimed to be community property, and set the motion for hearing on May 6, 1977. On April 22 Richard served, and filed on April 25, 1977, his opposition to Betty's motion and his motion for a bifurcation of the issue. At the hearing on the motions Richard's counsel pointed out to the court that Betty's "Reply Pre-Trial Statement" had not been filed within 31 days, as required by rule XIII. Following an appropriate hearing, the court ruled "as the file presently stands" that according to rule XIII the declarations of Richard's "Respondent's Pre-Trial Statement" were deemed admitted, and "that there is no issue as to community property."

Thereafter Betty applied for "relief from the operation" of rule XIII, at which time the following evidentiary showing was made. Betty's attorney's office was not in San Mateo County in which he had little business, but in an adjoining county. He was familiar with rule XIII as in effect prior to its August 31, 1976, revision, but he had not been aware of the amendment. He pointed out that Richard's "Respondent's Pre-Trial

Statement" "wasn't phrased as a request for an admissions that I could interpret," and "if it had said, 'requests for admissions' obviously I would have been put on notice that I had to respond. I was aware of [Code Civ. Proc., §] 2033." And he stated: "I'm asking that the merits be litigated . . . and I'm asking my client be given her day in court."

The superior court denied Betty's motion for relief thus concluding, according to rule XIII, that she had admitted the previously claimed community property to be the separate property of Richard. It was "ordered that there is no issue as to community property to be decided . . . ." It is the validity of that order which we here review.

■ Government Code section 68070 provides that: "Every court of record may make rules for its own government . . . not inconsistent with law or with the rules adopted and prescribed by the Judicial Council." This statute confirms the inherent power of such courts. (*Wisniewski* v. *Clary,* 46 Cal.App.3d 499, 504 [120 Cal.Rptr. 176].) Such rules, when reasonable, will be generally enforced, and their infraction will be excused only in exceptional circumstances. (*People* v. *Lambert,* 96 Cal.App. 381, 382 [274 P. 401]; and see *Wisniewski* v. *Clary, supra,* pp. 504-505; *Hayden* v. *Superior Court,* 22 Cal.App. 23, 24 [133 P. 26].)

But nevertheless, before a litigant's right to a trial on his action's merits will be divested on account of his, or his attorney's, mistake, surprise, inadvertence or neglect, another well-known principle of our law must be considered: "[T]he policy of the law [is] to have every litigated cause tried on its merits." (*Sanford* v. *Smith,* 11 Cal.App.3d 991, 998 [90 Cal.Rptr. 256]; *Reed* v. *Williamson,* 185 Cal.App.2d 244, 248 [8 Cal.Rptr. 39].)

Here it must reasonably be concluded that Betty's attorney was misled by Richard's misentitled "Respondent's Pre-Trial Statement," which in its following context did not purport to be a rule XIII "Request for Admissions." We are of the opinion that a proper balance of the requirements of that rule and the right of Betty to have the issue of her community property rights, if any she had, tried on its merits dictates that her requested relief should have been granted.

■ " 'Although it is well established that mandamus cannot be issued to control a court's discretion, in unusual circumstances the writ will lie where, under the facts, that discretion can [reasonably] be exercised in only one way.' " (*Hurtado* v. *Superior Court,* 11 Cal.3d 574,

579 [114 Cal.Rptr. 106, 522 P.2d 666].) We are of the opinion that this is such a case.

The peremptory writ of mandate will issue.

Racanelli, P. J., and Sims, J., concurred.