[Civ. No. 18826. Fourth Dist., Div. One. Oct. 25, 1979.]

JACK W. EVARONE, Plaintiff and Respondent, v.
TWENTIETH CENTURY HOSTS, INC., Defendant and Appellant.

**COUNSEL**

MacCabe & George and Ralph N. George for Defendant and Appellant.

Jack W. Evarone, in pro. per., for Plaintiff and Respondent.

**OPINION**

**FOCHT, J.***—Defendant appeals from a judgment against it in the sum of $73,215.18. The judgment in favor of plaintiff was based upon his

*Assigned by the Chairperson of the Judicial Council.

claim for attorney's fees for services rendered defendant. The judgment was by default and represents the amount alleged by plaintiff to be due as set forth in his affidavit in support of the default judgment plus interest and costs. The default judgment was entered following the striking of defendant's answer by order of the judge to whom the case had been assigned for settlement conference.

The chronology of relevant events is as follows: By notice sent August 17, 1977, the settlement conference was set for June 6, 1978, and trial was set for July 6, 1978. On June 6 the plaintiff appeared in propria persona before the judge to whom the settlement conference was assigned. The defendant's attorney of record, Paul T. McDonough, did not appear nor did any representative of the defendant corporation. The judge stated he found Attorney McDonough and defendant corporation in contempt of the court's order and an order to show cause was issued directing defendant and the attorney to appear on June 19, 1978, to show cause why defendant's answer should not be stricken and the matter allowed to proceed as a default due to the failure to appear at the conference on June 6.

On June 19, 1978, the order to show cause and the settlement conference were continued by the same judge until July 10, 1978. At the hearing on June 19, Mr. McDonough and another attorney, Donald Schmidt, appeared on behalf of defendant, as well as Mrs. Kim Walker, president of defendant corporation. On that date sanctions in the amount of $150 were imposed against Mr. McDonough for his earlier nonappearance. The transcript of the proceedings on June 19 reflects the continuance was granted to permit Mrs. Walker, acting for defendant corporation, to obtain new counsel. It was represented that Mrs. Walker and the corporation were having financial difficulties. She was advised by the judge that if an attorney did not appear on behalf of the corporation at the appointed hour on July 10, the motion to strike the answer would be granted.

On July 10 no one appeared on behalf of defendant and the motion to strike the answer and enter defendant's default was granted. The transcript contains the following statement made by plaintiff when he appeared on that date: "MR. EVARONE: I did have one telephone call, and I would like to put this on the record, from an attorney in Los Angeles, following our last hearing. Mr. George. And I notified him of the trial date of July 6, and of the settlement conference continued date of

July 10. He asked me if I would grant him a continuance of the trial date if he would become attorney of record. I told him no. I appeared here on July 6, in Department 1. Miss Walker was present, and requested the Court for a continuance of the trial date. That was granted to February the 8th, I believe. And then she promptly left the courtroom. I had no further discussion with her after that hearing."

Defendant retained its present counsel on July 28, 1978, and a motion was filed to set aside the default and reinstate defendant's answer on Code of Civil Procedure section 473 grounds. In a declaration filed in support of the motion Mrs. Walker stated she appeared in court on July 6, the date set for trial, and requested the trial be continued due to the difficulty she was having in securing new counsel; that the court granted a continuance until February 6, 1979; that she erroneously believed the settlement hearing scheduled for July 19, 1978, would be cancelled and a new date set for the same nearer the trial date; that defendant was not unwilling to discuss settlement when the new counsel had an opportunity to become familiar with the case. The motion was denied September 18 and the default judgment was granted January 25, 1979.

■ Defendant contends on appeal the lower court was without jurisdiction to strike the answer and enter its default. It also contends the court erred in denying its motion to reinstate its answer and relieve it from default.

We hold the lower court erred in invoking the ultimate sanction of striking defendant's answer. While the court has power to compel obedience to its orders (Code Civ. Proc., § 128), its power is not plenary. (See *Bauguess* v. *Paine,* 22 Cal.3d 626 [150 Cal.Rptr 461, 589 P.2d 942].) Nowhere in statute, California Rules of Court, case law, San Diego local court rule or published policy is the sanction of dismissal, or its counterpart, striking the answer, recognized as an appropriate sanction for failure to attend a settlement conference.

Within the scope of the sanctions regarding settlement conference attendance recognized by rule 217 of the California Rules of Court are ordering the person at fault to pay the opposing party's expenses and counsel fees and ordering an appropriate change in the calendar status of the case.

The San Diego Superior Court Civil Settlement and Trial Manual purports to be a summary of the accepted policies and procedures used in the settlement and trial of civil actions in the San Diego Superior Court. Such a local policy guide is consistent with the recommendations of the Standards of Judicial Administration promulgated by the Judicial Council. Section 9(e) of the standards, which pertains to settlement conferences, provides that each superior court should: "Establish a uniform policy with respect to sanctions under rule 217. In addition to sanctions, in the absence of unusual circumstances, the unexcused failure of a necessary person to attend a conference should be considered an unlawful interference with the proceedings of the court justifying a fine of up to $500."

The San Diego manual in sections 11, 12 and 13 prescribes settlement conference procedure including mandatory attendance and in section 10 provides: "If there is a violation by any party of any provision of sections 11, 12 or 13 hereinbelow, monetary sanctions against the party in violation may be assessed by the court in the amount of costs and actual expenses, including attorneys fees incurred by any and all other parties in connection with the mandatory settlement conference, and/or other sanctions authorized by Cal.R. Ct. § 217."

In *Wisniewski* v. *Clary*, 46 Cal.App.3d 499[120 Cal.Rptr. 176], it was held beyond the power of the court to impose a sanction on the plaintiffs ordering payment of attorneys' fees upon pain of dismissal for noncompliance, based upon their failure to attend a mandatory settlement conference. The Los Angeles County Superior Court statement of policy authorized dismissal for lack of prosecution as a sanction for nonattendance by plaintiffs but in its reference to the sanction of attorneys' fees only defendants were mentioned. At that time rule 217 did not provide for counsel fees as a sanction against parties (as distinguished from attorneys) for failure to attend settlement conferences. The sanction was held to be improper as it was made without express authority in view of the fact the policy statement allowed attorneys' fees as a sanction only for failure of defendants to appear. The court further observed the sanction of dismissal for lack of prosecution was itself open to challenge as being beyond the power of the court because dismissal on that basis is controlled entirely by statute and decisional law. (*Wisniewski* v. *Clary, supra*, 46 Cal.App.3d 499, 506 fn. 7; see also Witkin, Cal. Procedure (2d ed., 1979 supp. to vol. 4), p. 96.)

A number of cases have permitted sanctions not specifically authorized by statute or rule under the inherent supervisory power of the court. (See e.g., *Santandrea v. Siltec Corp.,* 56 Cal.App.3d 525 [128 Cal.Rptr. 629].) However, such instances appear to be rare and limited to the payment of counsel fees under special or novel circumstances. (See *Bauguess v. Paine, supra,* 22 Cal.3d 626, 637.)

Virtually all the cases in which the sanction of dismissal has been reviewed on appeal involve refusal to obey discovery orders. While dismissal or the striking of a pleading is authorized by statute for such refusal (Code Civ. Proc., § 2034, subd. (b) (2)), the appellate courts have upheld the imposition of such a sanction only when there has been a flagrant, inexcusable disregard of the judicial process. (See *Stein v. Hassen,* 34 Cal.App. 3d 294 [109 Cal.Rptr. 321]; *Scherrer v. Plaza Marina Coml. Corp.,* 16 Cal.App.3d 520; *Fred Howland Co. v. Superior Court,* 244 Cal.App.2d 605 [53 Cal.Rptr. 341]; *Crummer v. Beeler,* 185 Cal.App.2d 851 [8 Cal.Rptr. 698].)

The federal courts interpreting the federal rules which authorize the sanction of default judgment for failure to obey discovery orders have taken a similar position. The sanction is allowable only in "that rare case where the conduct represents such 'flagrant bad faith' and 'callous disregard' of the party's obligation under the Rules as to warrant the sanction not simply for the purpose of preventing prejudice to the discovering party but as a necessary deterrent to others." (*Wilson v. Volkswagen of America, Inc.,* (4th Cir. 1977) 561 F.2d 494, 504.) "In that situation the Trial Court's 'range of discretion is more narrow' than when the Court is imposing other less severe sanctions." (561 F.2d at p. 503.)

We do not consider it material whether the order in question be deemed a "sanction" or a punishment for contempt. The effect on defendant is the same. Indeed, if it be deemed a punishment for contempt additional problems become evident in view of legislative procedural safeguards limiting a court's inherent power to punish for contempt. (*Bauguess v. Paine, supra,* 22 Cal.3d 626, 638.)

No case of which we are aware has upheld a dismissal or entry of default as a sanction when not specifically authorized by statute or rule.

In our opinion the striking of defendant's answer and entry of its default was beyond the jurisdiction of the trial court and a violation of due process.

Assuming arguendo that entry of a party's default for failure to attend a mandatory settlement conference is within the inherent power of the court, we do not hesitate to hold it was an abuse of discretion in the present case. (See *Deyo* v. *Kilbourne,* 84 Cal.App.3d 771 [149 Cal.Rptr. 499], a decision in which factors relevant to the exercise of judicial discretion in imposing sanctions are reviewed.)

Here the facts fall short of the type of flagrancy justifying deprivation of a litigant's day in court. At the June 19 hearing the court was alerted to the fact the defendant corporation was seeking new counsel, that there were financial problems, that Mrs. Walker, the key officer in these efforts, was faced with personal problems regarding illness of her husband that might necessitate a trip to the State of Washington. On July 10 the court was advised the attorney, Ralph N. George, had been contacted regarding legal representation, that on the trial date, July 6, only four days before, Mrs. Walker had applied for and received a continuance and the case reset for trial February 8, 1979.

As of July 10 a number of factors were apparent which removed the case from the "narrow range of discretion" justifying imposition of the ultimate sanction. Defendant corporation was actively seeking new counsel to replace the attorney of record who appears to have been primarily responsible for the nonappearance on June 6. A new trial date had been set seven months in the future, indicating a more fruitful settlement conference would be at a future date when new counsel had been retained. The amount at stake was substantial and was contested by defendant. It was not beyond the bounds of reason to suppose Mrs. Walker, as averred in her declaration filed in support of the motion to set aside the default, believed the continuance of the trial date cancelled the currently set settlement conference.

We are aware of the frustrations of trial courts when settlement conferences are aborted due to nonappearance of attorneys or parties. "But nevertheless, before a litigant's right to a trial on his action's merits will be divested on account of his, or his attorney's mistake, surprise, inadvertence or neglect, another well-known principle of our law must be

considered: '[T]he policy of the law [is] to have every litigated cause tried on its merits.'" (*La Bue* v. *Superior Court*, 75 Cal.App.3d 264, 268 [142 Cal.Rptr. 83].)

It is not necessary to address our attention to the respective contentions of the parties regarding defendant's motion for relief under Code of Civil Procedure section 473.

The judgment is reversed. The trial court is directed to set aside the order striking defendant's answer and entering its default. Neither party may recover costs.

Brown, (Gerald), P. J., and Cologne, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 3, 1980.