[Civ. No. 20164. Third Dist. July 31, 1981.]

VOLKSWAGENWERK AKTIENGESELLSCHAFT et al.,
Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
TRACY ANN GOLSCH, Real Party in Interest.

COUNSEL

Justs N. Karlsons, in pro. per., Carroll, Burdick & McDonough, James W. Henderson Jr., and Jeffrey A. Little for Petitioners.

No appearance for Respondent.

Hefner, Stark & Marois, James S. Crawford and C. Afton Moore III for Real Party in Interest.

OPINION

**REYNOSO, Acting P. J.**—We deal with the imposition of sanctions by the trial court against attorneys who fail to comply with a rule of court dealing with pretrial discovery. Specifically, we consider whether the trial court has only the limited sanction of denying the motion to compel. We hold that (1) the court may deny the motion to compel, or (2) may impose sanctions against a moving party who has not complied with the rules if the court proceeds to hold a hearing dispositive of the dispute. It may also impose other appropriate sanctions.

This proceeding in writ of mandate and/or prohibition involves two of the parties to a pending action for personal injuries filed in the respondent Superior Court of Sacramento County. Petitioner Volkswagenwerk Aktiengesellschaft is a named defendant in that action. Real party in interest Tracy Ann Golsch is the plaintiff. For convenience we will refer to these parties by their designated roles in the personal injury action. Petitioner Justs N. Karlsons is counsel of record for defendant in the proceeding below.

In the course of discovery proceedings the respondent superior court issued an order imposing sanctions upon counsel for both plaintiff and defendant, finding that neither counsel had complied with applicable discovery rules. The order provided that counsel for plaintiff, C. Afton Moore III, must pay out of his own personal assets the sum of $150 to defendant; and that counsel for defendant, petitioner Karlsons, must pay out of his own personal assets the sum of $150 to plaintiff. Counsel for plaintiff asserts he believes the award of sanctions against him was unjustified, but he has taken no action to have the superior court reconsider its order or to have the matter reviewed by a higher court. He

does not seek to have this court consider the merits of the award against him in this proceeding.

Petitioner Karlsons, on the other hand, seeks a determination by this court that the award of sanctions against him is invalid. He asserts that the respondent superior court acted in excess of its jurisdiction in awarding such sanctions, that the award was an abuse of discretion, and that the award was made in favor of one not a party to the action. Since this issue involves a question of first impression which is likely to arise again we issued an order to show cause to review the order of the superior court. (See *Leach* v. *Superior Court* (1980) 111 Cal.App.3d 902, 906 [169 Cal.Rptr. 42].) Upon consideration we conclude that the superior court did not err in awarding the sanctions against petitioner Karlsons, and we deny the petition for a peremptory writ of mandate and/or prohibition.

I

Plaintiff was involved in an automobile accident. In the course of discovery proceedings defendant served interrogatories upon plaintiff. Plaintiff was granted various extensions of time to respond, with the result that the responses were due on June 1, 1980. Since the first of June was a Sunday the responses were served on June 2, 1980. Defendant deemed that the responses to the interrogatories were inadequate.

Ultimately defendant moved to compel plaintiff to verify her responses to the interrogatories, and to compel further answers. (Code Civ. Proc., §§ 2030, 2034.) Defendant also sought sanctions against plaintiff and/or her counsel. The respondent superior court granted the motion in part, and denied it in part.[1] In regard to sanctions the court held: "[C]ounsel for both parties have failed to comply with the provisions of Rule 222.1. Accordingly, attorney C. Afton Moore, III shall personally pay from his personal assets the sum of $150.00 to defendant VOLKSWAGENWERK AKTIENGESELLSCHAFT and attorney Justs N. Karlsons shall personally pay from his own personal assets the sum of $150.00 to DONNA GOLSCH as Guardian ad Litem for TRACY ANN GOLSCH." Petitioner Karlsons moved for reconsideration of the order

---

[1]"Where a motion to compel is made, the court has the discretionary power to grant in part, and deny in part, that is to balance the purpose and need for the information against the burden which production entails. [Citation.] The merits of specific objections must be considered." (*Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771, 788-789 [149 Cal.Rptr. 499]; fn. omitted.)

imposing sanctions against him, but the superior court denied the motion.

## II

### A. *Sanctions Were Properly Assessed*

■ We begin by looking at California Rules of Court, rule 222.1 which provides that the court may impose sanctions against the person at fault for failure to resolve a discovery matter. Petitioner Karlsons contends that this rule authorizes an award of attorney's fees as sanctions only in favor of the moving party, and that plaintiff, as the responding party, is thus not entitled to an award of such sanctions.

The rule, which we reproduce in the margin,[2] requires a reasonable attempt by the moving party to resolve disputed issues with opposing counsel; and the burden of initiating such efforts is placed upon the moving party. (See *Leach* v. *Superior Court, supra,* 111 Cal.App.3d at p. 905.) A motion to compel further answers is thus defective where such efforts have not been made by the moving party. The rule is related to Code of Civil Procedure sections 2030 and 2034, subdivision (a), which provide for a motion to compel further answers to interrogatories. Section 2034, subdivision (a) declares that when such motion is denied and the court finds that the motion is made without substantial justification, the court may require the party or the attorney advising the motion, or both of them, to pay to the responding party or witness the amount of reasonable expense incurred, including attorney's fees. When that section is read together with California Rules of Court, rule 222.1, it is clear that where a motion to compel further answers is brought without a reasonable attempt by the moving party to resolve disputed issues and the motion is denied in part the trial court is within its discretion in denying the motion and awarding sanctions against the moving party or counsel for bringing the motion without "substantial

---

[2]The full text is as follows: "A motion to compel answers or further answers to interrogatories or requests for admissions or to protect the responding party shall include a declaration stating facts to show that prior to the filing thereof counsel for the moving party made a reasonable attempt to resolve the objections and disputed issues with opposing counsel but the attempt was unsuccessful. If the court finds that there was no good reason for the refusal or failure to resolve the matter, it may order any persons at fault to pay to the moving party the amount of reasonable expenses incurred in making the motion including reasonable attorney's fees."

justification." To hold otherwise and adopt defendant's contention that rule 222.1 precludes a trial court's imposition of sanctions upon a moving party or counsel for the moving party, clearly contravenes the explicit provisions in section 2034, subdivision (a).[3] Rule 222.1 cannot be given an interpretation inconsistent with the applicable statute. (*Leach v. Superior Court, supra.*) To do so would render the rule invalid as surpassing the bounds of the authority of the Judicial Council to "adopt rules for court administration, practice and procedure, *not inconsistent with statute, ...*" (Cal. Const., art. VI, § 6; italics added.)

The sole question left for us to consider is whether the court may impose sanctions when it determines to resolve the dispute despite the moving party's failure to comply with rule 222.1. Upon finding that defendant and Karlsons had failed to comply with the requirements of rule 222.1 the trial court could have denied the motion to compel further answers and properly have awarded sanctions under Code of Civil Procedure section 2034, subdivision (a).[4] Defendant was well aware of this authority of the trial court in relation to the controlling statutes; indeed his motion to compel was based upon sections 2030 and 2034. In light of this, defendant cannot now be heard to complain of sanctions against him. We explain below the basis for our conclusion that the court may properly hear the motion to compel and still award sanctions.

Interrogatories are one of the so-called self-executing discovery procedures. They are designed to permit discovery without the necessity of judicial participation. (See Code Civ. Proc., §§ 2030, 2034.) Rule 222.1 is designed to aid the self-executing nature of discovery procedures by reducing the necessity for court participation. Courts are thus called upon to intervene only where the parties cannot resolve their differences, and the burden is upon the party requesting judicial intervention to show that he has made reasonable attempts to resolve the dispute before moving for a court order. The rule is thus designed to enhance judicial efficiency as well as the efficiency of the self-executing discovery processes.

---

[3]Further, beyond any express statutory authority, each court has the power "to compel obedience to its judgments, *orders*, and process, ..." (Code Civ. Proc., § 128, subd. 4; italics added; *Fairfield v. Superior Court* (1966) 246 Cal.App.2d 113 [54 Cal.Rptr. 721].)

[4]Defendant complied with the requirements of Code of Civil Procedure sections 2030 and 2034. His motion was made within the statutory time period of 30 days from service of answers to the interrogatories and the requisite notice was given in the filing of a *notice of motion.*

It is apparent from the papers filed in support of and in opposition to the petition for a perogative writ that counsel for each party to the underlying lawsuit had reached an impasse. It would neither serve the purposes of judicial efficiency nor promote the objects of discovery procedure for the court to refuse to resolve the issues after the motion had been brought and submitted. The court acted within its discretion in hearing and determining the motion; however, that in no way cured defense counsel's failure to make reasonable efforts to resolve the matter prior to resorting to a motion to compel. Thus, even though the trial court determined to hear and resolve the motion, it could still conclude that counsel had failed to comply with his duty under California Rules of Court, rule 222.1, and the award of sanctions was proper under Code of Civil Procedure section 2034, subdivision (a).

## B. *No Abuse of Discretion*

■ Was the award of sanctions an abuse of discretion under the circumstances of this case? We conclude that it was not.

Rule 222.1 requires that a moving party include a declaration stating facts to show that a reasonable attempt was made to resolve the issue before filing the motion. In support of its motion to compel, defendant filed a declaration of James W. Henderson, an associate in petitioner Karlsons' law firm. He declared that prior to filing the motion Karlsons had instructed a paralegal to telephone plaintiff's counsel to request that he voluntarily provide the information sought. Plaintiff's counsel refused to discuss the matter with the paralegal. Karlsons then placed two uncompleted telephone calls before filing the motion.

In opposition to the motion to compel, plaintiff's counsel submitted a declaration of James S. Crawford, an associate in Moore's office. He declared that the answers to the interrogatories were served on June 2, 1980, and that the first contact anyone in his office had concerning further answers was on the morning of June 27, 1980, at which time a paralegal telephoned the office. Crawford refused to discuss the matter with a paralegal, and advised that Karlsons should contact either Moore or himself. Moore was not in the office on June 27, 1980, a Friday, and Crawford received no messages. On Monday, June 30, Moore received a message that he was to call Karlsons. Although Moore and Karlsons were together for a court appearance on that day, they were unable to speak to each other concerning the reason for the telephone contact.

On July 2, 1980, Crawford telephoned Henderson and suggested that each side submit, in letter form, a list of their respective interrogatories which each felt required further answer. He also suggested that the time within which either side could file a motion to compel be extended for 30 days in order to resolve any disputes. Henderson initially agreed but later informed Crawford that a motion to compel would be filed. Crawford then offered a unilateral extension of time for defendant's motion to compel so that the dispute could be resolved. Henderson refused this offer and the motion was filed.

It is clear from the facts before the trial court on the motion to compel that Karlsons made no reasonable effort to settle the disputed issues before moving to compel. A motion to compel must be made within 30 days of the serving of the answers to interrogatories. (Code Civ. Proc., § 2030, subd. (a).) The answers were served on June 2, 1980, yet Karlsons took no action whatsoever until June 27, 1980. On that date he had a paralegal telephone plaintiff's counsel to request further answers. Plaintiff's counsel refused to discuss the matter with a nonlawyer who could not act with authority in the matter. Beyond that, Karlsons only made one or two incomplete telephone calls.

In view of his own dilatory action in waiting until the time for filing a motion to compel had almost run before making any effort to resolve the matter it would be reasonable for Karlsons to have accepted plaintiff's offer of an extension of time in which to file the motion so that the matter could be discussed. Nevertheless Karlsons refused and the motion was filed. Karlsons may not now argue, as he does, that he could make no more attempts at resolving the matter since the time for filing a motion to compel was short. It was his own lack of diligence in making such efforts and his unreasonable refusal to accept an extension of time which placed him in that position.

On motion for reconsideration Karlsons submitted a declaration in which he more fully explains the antagonism which he and plaintiff's counsel obviously feel toward each other, but which in no way provides any further evidence of reasonable attempts to resolve the dispute without court intervention. Counsel for plaintiff likewise submitted a declaration and documents which more fully explain the parties distaste for each other. While these papers help explain the difficulties, they in no way suggest that Karlsons made any other effort to resolve the specific discovery dispute than had originally been shown. That effort was not a reasonable attempt to resolve the disputed issues, or indeed to

even learn what plaintiff's position and objections were. We find no abuse of the trial court's discretion.

## C. *Sanctions in Favor of the Guardian ad Litem*

Petitioner Karlsons contends that the trial court erroneously entered its order for sanctions in favor of Donna Golsch, as guardian ad litem for Tracy Ann Golsch, despite the fact that the guardianship ad litem had been terminated and Tracy Ann Golsch was then plaintiff of record.

The court order provided that the sanction to be paid to Donna Golsch was to be paid directly to her as guardian ad litem. Any portion of the sanction in excess of the amount Donna Golsch may have actually expended on Tracy Ann Golsch's behalf in responding to the motion is held, according to the order, for the benefit of Tracy Ann Golsch. (Code Civ. Proc., § 372; Prob. Code, § 3600, subd. (b).) If there is error in the trial court's order, we consider it clerical in nature and it may be rectified nunc pro tunc by the trial court. It is not a proper subject for the issuance of the type of relief which petitioner now seeks.

The petition for a peremptory writ of mandate and/or prohibition is denied and the previously issued order to show cause is discharged.

Carr, J., and Perluss, J.,* concurred.

Petitioner's application for a hearing by the Supreme Court was denied October 14, 1981.

---

*Assigned by the Chairperson of the Judicial Council.