[Civ. No. 62696. Second Dist., Div. Five. July 26, 1982.]

JOHN McELHANEY et al., Plaintiffs and Appellants, v.
CESSNA AIRCRAFT COMPANY, Defendant and Respondent.

COUNSEL

Bodkin, McCarthy, Sargent & Smith and Timothy J. Sargent for Plaintiffs and Appellants.

Brill & Hunt, Morris, Polich & Purdy, Robert D. Brill, Landon Morris and Robert S. Wolfe for Defendant and Respondent.

OPINION

**ASHBY, J.**—In this personal injury action, plaintiffs appeal from an order dismissing their complaint for failure to comply with the court's order that the parties meet and confer to resolve differences concerning discovery, pursuant to rule 222.1 of the California Rules of Court.

The complaint alleges that plaintiffs were injured in the crash of a Cessna aircraft which was defectively designed and manufactured by respondent. On March 27, 1980, respondent served on appellants a set of interrogatories, Nos. 67 through 87, requesting appellants to specify in detail the defects in design or manufacture which they ascribed to the aircraft and the facts supporting those contentions, and in addition to describe in detail the manner in which the pilot's operation of the aircraft contributed to the accident. Appellants served answers to these interrogatories by mail on July 30, 1980. Counsel for respondent deemed the answers to interrogatories 68, 71, 72, 73, 74, 85, and 86 to be inadequate.

On August 12, 1980, counsel for respondent wrote a letter to counsel for appellants stating why the answers were insufficient and requesting further answers. Counsel for respondent stated: "Court Rule 222.1 requires that we attempt to work out some type of agreement with respect to claimed incomplete or improper answers to interrogatories prior to the actual filing of a formal motion with respect thereto" and expressed the hope that upon review counsel for appellants would "agree to provide further answers so that no formal motion will be necessary."

Further answers were not provided, so on August 29, 1980, respondent filed its notice of hearing and motion to compel further answers to interrogatories and for sanctions. The notice and accompanying declaration and points and authorities stated that on September 15, 1980, respondent would move the court for an order compelling appellants to serve further answers to interrogatories 68, 71, 72, 73, 74, 85, and 86, and requested that sanctions in connection therewith in the amount of $250 be awarded to respondent's attorneys.

Appellants did not appear for the hearing on September 15, 1980, nor did they submit written or oral opposition. The court made the following order: "Counsel shall meet and confer in person and seek to reach agreement as to all pending discovery motions or requests. If any differences remain, they shall file on October 15, 1980, a joint statement[1] giving details of their efforts to reach agreement, and as to each item of difference a contiguous statement of: (a) proponent's inquiry (b) respondent's response (c) proponent's objection to the response and (d) respondent's defense of the response. A sub-paragraph of an inquiry shall be separately dealt with as a separate inquiry. No party will submit any papers other than the joint statement for the hearing. Sanctions, if any, will be based in part on counsel's cooperation in this order. [¶] .... [¶] Continued to October 22, 1980 ...." On September 17, 1980, respondent served notice of the court's ruling. The notice stated: "THE COURT ORDERED that the parties meet and confer, and to prepare and file a joint statement by October 15, 1980. [¶] THE COURT FURTHER ORDERED that the Motion be continued to October 22, 1980, if necessary."

---

[1]According to respondent, the joint statement procedure was pursuant to a then informal policy of the Los Angeles Superior Court. In August 1981, rule 258 of the Los Angeles Superior Court Policy for the Conduct of Proceedings Relating to Discovery Matters was amended to incorporate such a procedure, implementing rule 222.1 of the California Rules of Court. (Lichtman, *The New Discovery Rules* (May 1982) 5 L.A.Law. 43.)

There were several telephone calls between counsel for respondent and counsel for appellants in October 1980. The hearing on the motion was continued to November 26, 1980, and the due date of the joint statement was continued to November 19, 1980.

Appellants did not respond to respondent's requests. No joint statement was filed. On November 20, 1980, counsel for respondent filed his declaration stating that he had received no written or oral response to his latest letter to appellants' counsel dated November 5.

The hearing was held as scheduled on November 26, 1980. Appellants did not appear. At the hearing the court found that appellants had failed to obey the court's order of September 15, 1980, without substantial justification, and the court dismissed the complaint.

DISCUSSION

■ The court dismissed the complaint on the ground that appellants had willfully and without substantial justification failed to obey the court's order of September 15. The September 15 order had been to meet and confer in person and seek to reach agreement as to the pending motion and, if any differences remained, to file a joint statement giving details of the efforts to reach agreement and of the remaining differences. So far as the record shows, appellants were given notice of the existence of the order and of the continuance dates, but chose to ignore their obligations and to offer no appearance or explanation for their conduct. Whatever our disapproval of appellants' conduct, however, the issue on this appeal is whether dismissal was an authorized sanction for such conduct. We conclude that it was not an appropriate sanction and that the trial court acted prematurely.

Rule 222.1 of the California Rules of Court provides: "A motion to compel answers or further answers to interrogatories or requests for admissions or to protect the responding party shall include a declaration stating facts to show that prior to the filing thereof counsel for the moving party made a reasonable attempt to resolve the objections and disputed issues with opposing counsel but the attempt was unsuccessful. If the court finds that there was no good reason for the refusal or fail-

ure to resolve the matter, it may order any persons at fault to pay to the moving party the amount of reasonable expenses incurred in making the motion including reasonable attorney's fees."

Nothing in rule 222.1 specifically authorizes dismissal as a sanction against the persons at fault. It authorizes only an award of reasonable expenses including attorney's fees in making a motion to compel further answers to interrogatories. (See *Volkswagenwerk Aktiengesellschaft* v. *Superior Court* (1981) 122 Cal.App.3d 326, 330-331 [175 Cal.Rptr. 888].)

Respondent contends that the order of dismissal is justified under Code of Civil Procedure section 2034, subdivision (b)(2)(C), which authorizes sanctions including dismissal where a party "refuses to obey an order made under subdivision (a)." Subdivision (a) includes a provision that "[u]pon the filing and service of . . . an answer deemed by the requesting party not to be in compliance with requirements of Section 2033, the party serving the request may on like notice make like application for an order requiring answers or further answers to the request. If the motion is granted the court shall order that an answer or further answer be served within an appropriate time." (Code Civ. Proc., § 2034, subd. (a).)

The sanctions listed in section 2034, subdivision (b)(2), are not available in this case because the court has not yet ordered that further answers be served. There has not yet been a refusal to obey "an order made under subdivision (a)." (*Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771, 789 [149 Cal.Rptr. 499]; *Duggan* v. *Moss* (1979) 98 Cal.App.3d 735, 741-742 [159 Cal.Rptr. 425].)

Rule 222.1 is designed to encourage the parties to work out their differences informally so as to avoid the necessity for a formal order compelling further answers pursuant to subdivision (a) of section 2034. The joint statement procedure also facilitates the efficient resolution of any remaining differences. But nothing in rule 222.1 or Code of Civil Procedure section 2034, subdivision (b), authorizes the ultimate sanction of dismissal for a failure of the meet and confer procedure.

It may be argued that since the court ordered the parties to meet and confer and prepare a joint statement, the court had inherent power to

compel obedience to its order by all necessary means, apart from the sanctions specifically contained in the discovery statutes. (See Code Civ. Proc., § 128, subd. 4; *Fairfield v. Superior Court* (1966) 246 Cal. App.2d 113, 120 [54 Cal.Rptr. 721]. But see *Lund v. Superior Court* (1964) 61 Cal.2d 698, 712 [39 Cal.Rptr. 891, 394 P.2d 707] [§ 2034 "provided the exclusive mechanics for imposing sanctions for failure to comply with valid requests for discovery"]; *Bauguess v. Paine* (1978) 22 Cal.3d 626, 637 [150 Cal.Rptr. 461, 586 P.2d 942] [limiting *Fairfield*].) Even assuming the existence of such a power, the ultimate sanction of dismissal is not an appropriate and necessary means to compel obedience to the meet and confer provisions, in light of the specific remedy provided in rule 222.1 and the limitation of Code of Civil Procedure section 2034, subdivision (b), to orders "made under subdivision (a)." A similar question was faced in *Evarone v. Twentieth Century Hosts, Inc.* (1979) 98 Cal.App.3d 90, 93 [159 Cal.Rptr. 294], where the trial court struck the defendant's answer and entered default judgment, for defendant's failure to attend a mandatory settlement conference. Such a sanction was not recognized by rule 217 of the California Rules of Court, which specifically addressed the subject. The appellate court stated: "We hold the lower court erred in invoking the ultimate sanction of striking defendant's answer. While the court has power to compel obedience to its orders (Code Civ. Proc., § 128), its power is not plenary. [Citation.] Nowhere in statute, California Rules of Court, case law, San Diego local court rule or published policy is the sanction of dismissal, or its counterpart, striking the answer, recognized as an appropriate sanction for failure to attend a settlement conference." (98 Cal.App.3d at p. 93.)

In the absence of an order to provide further answers and a refusal to obey that order, the trial court here prematurely dismissed the case. The court would have been justified in ordering appellants to provide further answers to the interrogatories and would have been justified in imposing the sanction specifically authorized by rule 222.1, an award of the moving party's reasonable expenses including reasonable attorney's fees. The court could not, however, dismiss the action at this point. If the court orders appellants to provide further answers and appellants thereafter refuse to obey the order, the court may then invoke the sanctions of section 2034, subdivision (b).

The order of dismissal is reversed. The cause is remanded to the trial court to reconsider respondent's motion to compel further answers and

The order of dismissal is reversed. The cause is remanded to the trial court to reconsider respondent's motion to compel further answers and respondent's motion for costs in connection therewith. The parties to pay their own costs on appeal.

Stephens, Acting P. J., and Hindin, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 13, 1982. Kaus, J., did not participate therein.

---

*Assigned by the Chairperson of the Judicial Council.