[No. B116602. Second Dist., Div. Six. Mar. 10, 1998.]

MARIA CAROLINE TOWNSEND et al., Petitioners, v.
THE SUPERIOR COURT OF THE COUNTY OF SANTA BARBARA,
Respondent;
EMC MORTGAGE COMPANY et al., Real Parties in Interest.

### COUNSEL

Joseph W. Fairfield for Petitioners.

No appearance for Respondent.

Lori S. Carver, Mark E. Schiffman, Shapiro & Miles, T. Robert Finlay, Myer, Paynter & Fock, Erich E. Fock and Haws, Record, Williford. & Magnusson for Real Parties in Interest.

### OPINION

**STONE (S. J.), P. J.**—Here we determine that the requirement of informal resolution, as set forth in section 2025, subdivision (o) of the Code of Civil Procedure,[1] is not fulfilled when the proponent, immediately following an objection, merely debates with the deponent's counsel the propriety of the objection. In addition, we conclude that parties who are not the discovery proponents, but simply join in a motion requesting discovery sanctions, are not entitled to be awarded sanctions.

### BACKGROUND

Maria Caroline Townsend, petitioner (hereinafter Townsend), filed a lawsuit seeking to compel the sale of a residence. On July 14, 1997, EMC

---

[1]Unless otherwise stated, all further statutory references are to the Code of Civil Procedure.

Mortgage Company and Westfall Realtors, two defendants in this action, took her deposition. During the course of the deposition, Townsend, acting upon the advice of her counsel, objected to and refused to answer certain questions. Counsel for EMC and Westfall, as well as counsel for the other parties present, attempted to convince Townsend to answer these questions. She steadfastly refused to do so. Suffice it to say, the discussion between counsel became at times heated and the discovery disputes were not resolved.

EMC and Westfall moved to compel further answers and for sanctions. As Jimmy Durante used to say, "Everybody wants to get inta de act," and it was only a matter of time before the other parties (John Moffett, Patricia Moffett, Prudential California Realty, and Fidelity National Title Company) joined in the motion to compel and for sanctions.

EMC's motion to compel was accompanied by its counsel's declaration that, "At the time of the deposition, myself [sic] and counsel for Co-Defendant and Cross-Defendants made a reasonable good faith attempt to resolve informally each of the issues presented by this Motion to Compel. . . ."

Townsend objected to the motion, in part, upon the ground that there was no evidence that counsel for the proponents had informally attempted to resolve this matter prior to bringing the motion. (See § 2025, subd. (o).)

Respondent court rejected this argument, reasoning that the informal resolution requirement was fully complied with by proponent by attempting to persuade the objector of the error of his ways at the deposition. It granted the motion and awarded sanctions. As an added fillip, the court awarded sanctions to the parties who had joined in the motion.

Townsend sought relief by way of a writ of mandate. Because the issue tendered by Townsend is one of general import to members of the bench and bar, we have issued an order to show cause. (*Oceanside Union School Dist.* v. *Superior Court* (1962) 58 Cal.2d 180, 185-186, fn. 4 [23 Cal.Rptr. 375, 373 P.2d 439].)

DISCUSSION

*Informal Resolution*

■ It is a central precept to the Civil Discovery Act of 1986 (§ 2016 et seq.) (hereinafter Discovery Act) that civil discovery be essentially self-executing. (*Zellerino* v. *Brown* (1991) 235 Cal.App.3d 1097, 1111 [1

Cal.Rptr.2d 222].) The Discovery Act requires that, prior to the initiation of a motion to compel, the moving party declare that he or she has made a serious attempt to obtain "an informal resolution of each issue." (§ 2025, subd. (o); *DeBlase* v. *Superior Court* (1996) 41 Cal.App.4th 1279, 1284 [49 Cal.Rptr.2d 229].) This rule is designed "to encourage the parties to work out their differences informally so as to avoid the necessity for a formal order. . . ." (*McElhaney* v. *Cessna Aircraft Co.* (1982) 134 Cal.App.3d 285, 289 [184 Cal.Rptr. 547].) This, in turn, will lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants through promotion of informal, extrajudicial resolution of discovery disputes. (*DeBlase* v. *Superior Court, supra,* 41 Cal.App.4th 1279, 1284; see also *Volkswagenwerk Aktiengesellschaft* v. *Superior Court* (1981) 122 Cal.App.3d 326, 330 [175 Cal.Rptr. 888].)

Federal discovery law also requires that, prior to the initiation of a motion to compel, the parties informally attempt to resolve discovery matters. (*Nevada Power Co.* v. *Monsanto Co.* (D.Nev. 1993) 151 F.R.D. 118, 120; *Tarkett, Inc.* v. *Congoleum Corp.* (E.D.Pa. 1992) 144 F.R.D. 282, 285-286; *Dondi Properties Corp.* v. *Commerce Sav. and Loan Ass'n* (N.D.Tex. 1988) 121 F.R.D. 284, 289 ["[t]he purpose of the conference requirement is to promote a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought"].) Some federal courts have lamented that, "in many instances the [informal] conference requirement seems to have evolved into a *pro forma* matter." (*Dondi Properties Corp.* v. *Commerce Sav. and Loan Ass'n, supra,* 121 F.R.D. at p. 289.)

In *Nevada Power Co.* v. *Monsanto Co., supra,* 151 F.R.D. 118, 120, the court offered the following guidelines for the conduct of an informal negotiation conference: "[T]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during informal negotiations as during the briefing of discovery motions. Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter."

These sensible guidelines apply, with equal force, California's Discovery Act. (*Greyhound Corp.* v. *Superior Court* (1956) 56 Cal.2d 355, 371 [15 Cal.Rptr. 90, 364 P.2d 266].)

Each of the statutes governing discovery contains a provision that requires that the parties, prior to invoking the assistance of the court, attempt

to informally resolve their discovery disputes. (§§ 2030, subd. (*l*) [interrogatories], 2031, subd. (*l*) [demand for inspection], 2032, subd. (c)(7) [demand for physical examination], 2033, subd. (*l*) [requests for admission].) Efforts at informal resolution for these proceedings will necessarily take place after the responses and objections to discovery have been reviewed by the proponent.

Depositions differ from other manner of discovery mechanisms in that counsel for both parties are present. The immediacy of counsel allows for the instantaneous discussion of an objection and attempts at informal resolution. This proposition has a certain facial appeal and the support of at least one commentator. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1997) ¶ 8:812, p. 8E-97.)

It is the collective experience of lawyers and judges that too often the ego and emotions of counsel and client are involved at depositions. (For some examples of heated exchanges that have taken place at depositions, see *Rosenthal* v. *State Bar* (1987) 43 Cal.3d 612, 629-630 [238 Cal.Rptr. 377, 738 P.2d 723] [petitioner was evasive and hostile at his deposition]; *Sabado* v. *Moraga* (1987) 189 Cal.App.3d 1, 4-7 [234 Cal.Rptr. 249] [counsel advised a witness, who he did not represent, to refuse to be sworn as a witness]; *Kibrej* v. *Fisher* (1983) 148 Cal.App.3d 1113, 1114 [196 Cal.Rptr. 454] [counsel for deponent repeatedly objected to the use of an interpreter].) Like Hotspur on the field of battle, counsel can become blinded by the combative nature of the proceeding and be rendered incapable of informally resolving a disagreement.[2] It is for this reason that a brief cooling-off period is sometimes necessary.

The following blow-by-blow account of the deposition illustrates the point: Joseph Fairfield, counsel for Townsend, fired the first salvo of objections when he let it be known, in no uncertain terms, that he considered to be irrelevant any questions not pertaining to a contract purportedly executed on April 20, 1995. After some debate over this objection, counsel for Fidelity National Trust, hoping to have the deposition end by 5 p.m., suggested that the objections of Townsend be made, but not debated: ". . . this is not the time to argue your cases. There's no judge. . . ."

---

[2] Prior to his battle with Prince Hal, Henry Percy (Hotspur) spurns all efforts to peacefully resolve his differences with the King:
"For I profess not talking; only this—
Let each man do his best: and here draw I
A sword, whose temper I intend to stain
With the best blood that I can meet withal
In the adventure of this perilous day."
(Shakespeare, Henry IV, pt. I, act V, scene 2.)

The attorneys, nonetheless, robustly sought to pick up the gauntlet thrown down by Fairfield. "Could we not argue the merits of it now?" suggested counsel for Prudential Realty. After specifying the grounds of the objection, T. Robert Finlay, counsel for proponent EMC, stated, "We will go to court and come back on that." At no point during this debate did counsel indicate that any of such discussion was intended as compliance with the requirement of informal resolution.

As in a prize fight, the deposition continued into the next round. As reflected at pages 76 through 88 and 103 through 114 of the transcript, there occurred new outbreaks of skirmishing over the pugnacious Fairfield's successive objections of relevance. As the deposition moved into the afternoon, tempers flared. "Could you not raise your voice and calm down, please," said Finlay.

Once again there was argument and verbal sparring over the propriety of objections. This was followed by mockery and derision. "FINLAY: Would you like to stipulate to strike this portion of the Complaint in paragraph 17? [¶] FAIRFIELD: No. But I'll stipulate that you may enter a judgment against your client." Counsel for Fidelity National Trust, attempting to move the deposition along and cool things off, once again suggested that "[t]his isn't argument time."

The combatants stumbled into the final rounds. Fairfield, counterpunching, accused Finlay of asking an "insulting question." After a lull in the action, counsel for Moffett told Fairfield to stop shouting at him.

Finlay, seemingly caught flatfooted by Fairfield's fusillade of objections, was ill prepared to discuss the law governing relevance. His abbreviated discussions, as well as those remarks interposed by other counsel, were but insubstantial gestures to comply with the mandate of the Discovery Act.

Further protestations to the questions did not occur until later. Once again, there was argument and verbal sparring over the propriety of the objections. The deposition again resumed and, later, there was again argument. At no point did counsel for proponent indicate that these discussions were intended as compliance with the requirement of informal resolution.

Respondent court determined that real parties' efforts to convince counsel sufficed as attempts at informal resolution. Closer inspection of the record, however, reveals that the exchanges between counsel were plainly only argument and that there was made no effort at informal negotiation. Argument is not the same as informal negotiation. In short, debate over the

appropriateness of an objection, interspersed between rounds of further interrogation, does not, based upon the record before us, constitute an earnest attempt to resolve impasses in discovery.

Real parties contend that it would have been futile to meet and confer with Townsend. The Discovery Act makes no exception based upon one's speculation that the prospect of informal resolution may be bleak. Our history is replete with examples of traditional enemies working out their differences by way of peaceful negotiation and resolution.

We do not propose an absolute rule requiring that informal resolution must always await the conclusion of a deposition. Rather, we find that the statute requires that there be a serious effort at negotiation and informal resolution. We leave it to the parties to determine the proper time, manner, and place for such discussion.

## *Sanctions*

■ Monetary sanctions are designed to recompense those who are the victims of misuse of the Discovery Act. (*Ghanooni* v. *Super Shuttle* (1993) 20 Cal.App.4th 256, 262 [24 Cal.Rptr.2d 501]; *Kohan* v. *Cohan* (1991) 229 Cal.App.3d 967, 971 [280 Cal.Rptr. 474]; 2 Hogan & Weber, Cal. Civil Discovery (4th ed. 1997) § 15.4, p. 273.) Subdivision (o) of section 2025 provides that, "If a deponent fails to answer any question . . . the *party seeking discovery may move* the court for an order compelling that answer . . . ." (Italics added.) The provision allows for the imposition of sanctions against one who unsuccessfully opposes a motion to compel.

The deposition under review was noticed by EMC and Westfall. The motion to compel was brought by these parties. The remaining parties, neither having noticed the deposition nor initiated the motion to compel, were but incidental beneficiaries to both proceedings. As such, these outsiders were not entitled to be awarded sanctions.

## CONCLUSION

■ Although we have not as yet reached the point where the participants at a deposition will be required to be licensed by the state boxing commission (e.g., see *Rudolph* v. *Athletic Commission* (1960) 177 Cal.App.2d 1 [1 Cal.Rptr. 898]), we note with dismay the ever growing number of cases in which most of the trappings of civility between counsel are lacking. Some courts, such as the Superior Court for Orange County, are calling for professionalism at depositions. The Orange County Superior

Court has proposed that "[c]ounsel should not engage in any conduct during a deposition that would not be appropriate in the presence of a judicial officer." (Proposed Orange County Superior Court Policy Regarding Professionalism in Depositions, ¶ C.) Counsel attending a deposition are admonished to refrain from engaging "in discourtesies or offensive conduct (e.g., disparaging the intelligence, ethics, morals, integrity or behavior of opposing parties or counsel)." (*Id.*, ¶ C. 1.; see also *Conduct of All Counsel Attending a Deposition* (Feb. 9, 1998) 98 Daily J. D.A.R. 1337-1339.)

A reasonable and good faith attempt at informal resolution entails something more than bickering with deponent's counsel at a deposition. Rather, the law requires that counsel attempt to talk the matter over, compare their views, consult, and deliberate. This was not done at the Townsend deposition.

The orders under review were made in excess of the trial court's jurisdiction. Let a writ of mandate issue directing respondent court to set aside its orders granting the motion to compel and imposing monetary sanctions, and to issue a new order denying the motion and sanctions.

Gilbert, J., and Coffee, J., concurred.