[No. B120820. Second Dist., Div. Two. Oct. 22, 1998.]

JOVITA OBREGON, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CIMM'S, INC., et al., Real Parties in Interest.

**[Opinion certified for partial publication.\*]**

*Part II.D. of this opinion is not certified for publication.

**COUNSEL**

Howard S. Rosen and Paul S. Zimmerman for Petitioner.

No appearance for Respondent.

Sheppard, Mullin, Richter & Hampton, Charles F. Barker and Teresa F. Elconin for Real Parties in Interest.

**OPINION**

**ZEBROWSKI, J.—**

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff and petitioner was employed at a Burger King franchise owned and operated by real party Cimm's, Inc. (hereafter Cimm's). Plaintiff sued Cimm's and her former supervisor at Burger King for sexual harassment and related claims. The supervisor did not respond and his default was entered. Litigation proceeded against Cimm's.

Plaintiff served form and special interrogatories on Cimm's.[1] Cimm's served responses consisting of a mixture of factual answers and objections. Over five weeks passed without further action in this regard. Then, with approximately 13 days left before a motion to compel had to be filed, plaintiff sent a letter requesting further responses. Nine days later, Cimm's responded by asserting essentially the same objections as Cimm's had asserted in response to the original interrogatories. Plaintiff received Cimm's response one day before the deadline for filing a motion to compel. In light of the short time left before the filing deadline, plaintiff filed her motion to compel without making further contact with Cimm's. The motion came on for hearing in due course, with Cimm's opposing on the ground that plaintiff had failed to satisfy the requirement of a "reasonable and good faith" attempt at "informal resolution." The trial court agreed that plaintiff's efforts were inadequate, denied the motion to compel, and imposed sanctions on plaintiff. Plaintiff then filed this writ petition.

## II. DISCUSSION

### A. Code of Civil Procedure section 2030 requires a good faith attempt to resolve discovery disputes informally.

Code of Civil Procedure section 2030, subdivision (*l*), provides that "If the propounding party, on receipt of a response to interrogatories, deems that (1) an answer to a particular interrogatory is evasive or incomplete, (2) an exercise of the option to produce documents under paragraph (2) of subdivision (f) is unwarranted or the required specification of those documents is inadequate, or (3) an objection to an interrogatory is without merit or too general, that party may move for an order compelling a further response. This motion shall be accompanied by a declaration stating facts showing a reasonable and good faith attempt at an informal resolution of each issue presented by the motion."

### B. The trial judge permissibly found plaintiff's informal resolution efforts inadequate under the circumstances.

■■■ As required by Code of Civil Procedure section 2030, plaintiff's motion was accompanied by a declaration detailing plaintiff's efforts at informal resolution. Plaintiff's declaration contended that, after one extension of time to respond, Cimm's. had provided "incomplete or evasive responses and/or meritless objections as detailed in the Separate Statement

---

[1] The discovery procedures discussed in this opinion were carried out by counsel; references to plaintiff and Cimm's with respect to discovery procedures are references to the actions of counsel.

served and filed herewith."[2] The declaration stated that plaintiff then sent a letter—by both fax and mail—to Cimm's about 13 days before the motion filing deadline. A copy of that letter was attached as an exhibit. The two-page letter identifies interrogatories by number either individually or in a group, and follows this identification with a commentary and statement of position concerning the nature of Cimm's prior responses. As to some interrogatories, the letter contends that objections had been waived, and asserts that "full and complete responses to all these interrogatories should be forthcoming." The letter concludes with a statement of belief "that the above-mentioned problems can be resolved cooperatively and informally, without the need of a motion to compel, and I look forward to hearing from you within the next week [in] the hopes that a motion won't be necessary." While somewhat abbreviated, the letter is otherwise typical and is cordial in tone throughout.

Plaintiff's declaration continued that one day before the motion filing deadline, plaintiff received Cimm's responsive letter, which was also attached as an exhibit. Cimm's sent this letter by mail; there is no indication that it may also have been sent by fax.[3] Cimm's letter is also cordial in tone, reviewing Cimm's positions on the interrogatories identified in plaintiff's letter, but making no concessions other than to state that Cimm's was continuing to assemble information. The letter ends: "Please do not hesitate to call me if you should have any further questions or comments."

Plaintiff's declaration concluded by stating that Cimm's letter "although explaining defendant's [Cimm's] position in greater detail, offered no substantive changes in that position, but merely reiterated the same objections and arguments at greater length the same [sic]. In order to secure the discovery necessary to her case, Plaintiff has no recourse but to bring this motion."[4]

In opposition, Cimm's pointed out the grossly overbroad nature of plaintiff's discovery requests, and complained that the extension of time agreed to by plaintiff at Cimm's request had only been for seven days. Cimm's declaration stated that Cimm's had then responded, but had received no further contact regarding the interrogatories until plaintiff's letter 13 days

---

[2]This "Separate Statement" is not part of the record presented on this writ proceeding.

[3]Plaintiff's declaration also showed that on the related matter of scheduling a deposition, another of Cimm's counsel did send a letter by fax the day before Cimm's mailed letter concerning the interrogatories. The interrogatory letter was dated on a Friday, and arrived on a Monday, the day before the motion filing deadline.

[4]Plaintiff moved in separate motions to compel further responses to the form and to the special interrogatories, but the declaration filed with each motion was identical except for a difference in the amount of attorney's fees requested.

before the motion filing deadline. Cimm's declaration claimed that Cimm's responsive letter "offered several alternative solutions to resolve our discovery disputes" and that Cimm's "fully anticipated that plaintiff's counsel would contact me regarding my suggestions." Cimm's declaration continued that plaintiff "never responded to my suggestions" and instead immediately filed a motion "without any meaningful attempt to meet and confer in good faith regarding our discovery disputes." Moreover, Cimm's declaration continued, plaintiff did not request an extension of time within which to file motions even though such extensions had previously been granted.[5] Based on this evidence, Cimm's argued that plaintiff had failed to attempt an informal resolution in good faith, and that plaintiff's motion should be denied for that reason. The trial court agreed.

To the extent that the trial court's ruling that plaintiff had not made "a reasonable and good faith attempt at an informal resolution" was based upon factual determinations, that ruling is subject to the substantial evidence standard of review. (See, e.g., 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, §§ 359-364, pp. 408-414; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs 1 (The Rutter Group 1997) ¶ 8:38 et seq., p. 8-14 et seq.) To the extent that the trial court's ruling regarding the adequacy of plaintiff's informal resolution efforts was based upon undisputed or determined facts, it is subject to the abuse of discretion standard of review. (See, e.g., Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs 1, *supra*, ¶ 8:85 et seq., p. 8-30 et seq.) A reviewing court must therefore first determine whether substantial evidence supports the factual basis on which the trial court acted, and then determine whether the orders made by the trial court were an abuse of discretion in light of those facts.

Although it facially appears that there is no dispute here concerning the facts comprising the immediate effort at informal resolution, a determination of this kind (reasonability and good faith) almost inherently involves the court in considering issues of a factual nature. Here the trial judge had been presiding over discovery and other aspects of this case for some time. She had the opportunity to learn the issues in the case, to observe the practices of the attorneys, and to form judgments on the attorneys' credibility and motivations. When assessing credibility and motivation, past experience is

[5]Cimm's declaration also advises of another letter, sent by Cimm's to plaintiff in roughly the same time period, concerning the document production dispute covered in the unpublished portion of this opinion. A copy of the document production letter was also attached as an exhibit. That letter bears the notation that it had been sent by both fax and mail. Thus of the three letters from Cimm's to plaintiff in this record, two had been sent by fax or both mail and fax, while one—Cimm's response to plaintiff's letter concerning Cimm's interrogatory responses—was sent by mail only and dated the Friday before the motion filing deadline on Tuesday.

often a prime indicator. An abuse of discovery procedures in one instance can imply a continuing intent to abuse in other instances. Any discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. It is a judge's responsibility to control such abuse. (Cf. *Calcor Space Facility, Inc.* v. *Superior Court* (1997) 53 Cal.App.4th 216, 221 [61 Cal.Rptr.2d 567] [discovery abuse is a spreading cancer; judges must be aggressive in curbing abuse; discovery statutes are prone to misuse absent judicial consideration for burden; courts must insist that discovery be used to facilitate litigation rather than as a weapon].)[6] Here the discovery requests were very broad, and their full scope does not appear reasonably related to the issues in the case. Since plaintiff's motion was denied simply for failing to attempt informal resolution, the trial court never reached the merits of the discovery requests, but the overbreadth of the requests is nevertheless relevant in this connection. When discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. When a judge evaluates such factors to determine whether a party has acted reasonably and in good faith in attempting informal resolution, a factual component of decision, derived from the trial judge's knowledge of the case, is inevitably involved. A trial judge's perceptions on such matters, inherently factual in nature at least in part, must not be lightly disturbed.

A determination of whether an attempt at informal resolution is adequate also involves the exercise of discretion. The level of effort at informal resolution which satisfies the "reasonable and good faith attempt" standard depends upon the circumstances. In a larger, more complex discovery context, a greater effort at informal resolution may be warranted. In a simpler, or more narrowly focused case, a more modest effort may suffice. The history of the litigation, the nature of the interaction between counsel, the nature of the issues, the type and scope of discovery requested, ·the prospects for success and other similar factors can be relevant. Judges have broad powers and responsibilities to determine what measures and procedures are appropriate in varying circumstances. (See, e.g., Gov. Code, § 68607 [judge has responsibility to manage litigation]; Code Civ. Proc., § 128, subd. (a)(5) [judge has power to control conduct of judicial proceeding in furtherance of justice].) Judges also have broad discretion in controlling the course of discovery and in making the various decisions necessitated by discovery proceedings. (*Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 378 [15 Cal.Rptr. 90, 364 P.2d 266] ["Undoubtedly the discovery statutes vest a

---

[6]Although we deal here with a discovery request by a plaintiff, discovery requests can be similarly misused by defendants.

wide discretion in the trial court in granting or denying discovery."]; Cf. *Hartbrodt* v. *Burke* (1996) 42 Cal.App.4th 168, 175 [49 Cal.Rptr.2d 562] [court has wide discretion in discovery matters]; *Vallbona* v. *Springer* (1996) 43 Cal.App.4th 1525, 1545 [51 Cal.Rptr.2d 311] [discovery sanctions reversible only for arbitrary, capricious or whimsical action]; *Laguna Auto Body* v. *Farmers Ins. Exchange* (1991) 231 Cal.App.3d 481, 487-488 [282 Cal.Rptr. 530] [court has wide discretion in granting and enforcing discovery]; *Kuhns* v. *State of California* (1992) 8 Cal.App.4th 982, 988 [10 Cal.Rptr.2d 773] [in imposing discovery sanction, court exercises discretion subject to reversal only for manifest abuse exceeding the bounds of reason].) The trial judge's application of discretion in discovery matters is presumed correct, and the complaining party must show how and why the court's action constitutes an abuse of discretion in light of the particular circumstances involved. (See, e.g., *Hartbrodt, supra*, 42 Cal.App.4th at p. 175 [discovery orders presumed correct and will not be disturbed except in case of abuse of discretion]; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs 1, *supra*, ¶ 8:15 et seq., p. 8-4 et seq. [trial court orders generally presumed correct].)

■ Here plaintiff propounded grossly overbroad interrogatories. Upon receiving the expectable objections, plaintiff simply sent a single brief letter, late in the relevant time period. (Cf. *Townsend* v. *Superior Court* (1998) 61 Cal.App.4th 1431, 1439 [72 Cal.Rptr.2d 333] [mere bickering at deposition did not constitute reasonable and good faith attempt at informal resolution].) Plaintiff's motion to compel, so far as the record on this petition reflects, makes no effort to explain why interrogatories of such breadth are proper in this case, an omission that reasonably suggests lack of a proper discovery objective.[7] A single letter, followed by a response which refuses concessions, might in some instances be an adequate attempt at informal resolution, especially when a legitimate discovery objective is demonstrated. The time available before the motion filing deadline, and the extent to which the responding party was complicit in the lapse of available time, can also be relevant. An evaluation of whether, from the perspective of a reasonable person in the position of the discovering party, additional effort appeared likely to bear fruit, should also be considered. Although some effort is required in all instances (see, e.g., *Townsend, supra*, 61 Cal.App.4th at p. 1438 [no exception based on speculation that prospects for informal resolution may be bleak]), the level of effort that is reasonable is different in

---

[7]Cimm's opposition contended, correctly so far as the records available in this court show, that "conspicuously absent from plaintiff's motion to compel is <u>any explanation</u> as to why most of the information sought is relevant or calculated to lead to the discovery of relevant information." If it is correct that such an explanation was lacking, that would normally be a sufficient basis for denial on the merits. The court in the instant case, however, ruled not on the merits but rather on the basis of the "informal resolution" requirement. The merits of the discovery requests were never reached.

different circumstances, and may vary with the prospects for success. These are considerations entrusted to the trial court's discretion and judgment, with due regard for all relevant circumstances. In the instant case, whether reviewed according to the substantial evidence or the abuse of discretion standard, or an amalgam of the two, the trial judge's decision that a greater effort at informal resolution should have been made is amply supported by this record. The petition for a writ of mandate is therefore denied to this extent.

C. *Upon finding a failure to attempt informal resolution, a trial judge must consider the appropriate remedy.*

Cimm's relies heavily on *Townsend* v. *Superior Court, supra,* 61 Cal.App.4th 1431, to support outright denial of further discovery. *Townsend* concerned a motion to compel further answers to deposition questions. At the deposition, counsel argued over objections, but no additional effort at informal resolution was made after the deposition adjourned. The trial court found the deposition discussions to be an adequate effort at informal resolution, and granted the motion to compel. (*Id.* at p. 1434.) The Court of Appeal, however, ruled that the informal resolution requirement "is not fulfilled when the proponent, immediately following an objection, merely debates with the deponent's counsel the propriety of the objection." (*Id.* at p. 1433.) The *Townsend* court relied on the "collective experience of lawyers and judges that too often the ego and emotions of counsel and client are involved at depositions." It noted that counsel can be "blinded by the combative nature of the proceeding," and that "a brief cooling-off period is sometimes necessary." (*Id.* at p. 1436.) Finding that the heated discussions during the deposition did not constitute a "serious effort at negotiation and informal resolution" (*id.* at p. 1438), the *Townsend* court ruled that the trial court's order for further answers was "in excess of the trial court's jurisdiction." (*Id.* at pp. 1438-1439.) Without discussion of whether other options were available, the *Townsend* court then ordered that the motion to compel be denied. (*Ibid.*)

*Townsend* might create the impression that the required consequence of an inadequate effort at informal resolution is complete denial of the requested discovery, but it does not compel that conclusion.[8] Instead, *Townsend* can be seen as an example of a failure to make any real effort at informal resolution,

---

[8]*Townsend* did note that the presence of counsel at deposition allows for "instantaneous discussion of an objection and attempts at informal resolution. This proposition has a certain facial appeal and the support of at least one commentator. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1997) ¶ 8:812, p. 8E-97.)" (61 Cal.App.4th at p. 1436.) Whether the moving party in *Townsend* relied on, or even knew of, this authority for the proposition that no further effort at informal resolution was necessary is

a failure so egregious as to justify immediate and outright denial of further discovery. But not every finding that additional informal resolution efforts are required can be categorized as a failure so egregious as to justify summary denial of discovery. Such categorical rulings should be reserved for cases of clear intent to burden or harass, cases of clear flaunting of statutory responsibilities, cases of established track records of lack of good faith, and the like. The range of a judge's discretion is broad, and litigants cannot always predict exactly where on that broad range a particular judge might alight in a particular case. The party who attempts informal resolution, but mispredicts the judge's location on the reasonable spectrum of possible levels of effort, should not inevitably be penalized by outright denial of possibly critical discovery.[9]

■ As *Townsend* notes, it is a "central precept" of the Civil Discovery Act of 1986 that discovery "be essentially self-executing." (*Townsend* v. *Superior Court, supra,* 61 Cal.App.4th at p. 1434.) Thus reasonable and good faith efforts at informal resolution of discovery disputes are no doubt a key part of the discovery system. It is also a central precept of the discovery system, however, that "[i]n order to accomplish the various legislative purposes [of the discovery law], the several statutes must be construed liberally in favor of disclosure . . . ." (*Greyhound Corp.* v. *Superior Court, supra,* 56 Cal.2d at p. 377; *Emerson Electric Co.* v. *Superior Court* (1997) 16 Cal.4th 1101, 1108 [68 Cal.Rptr.2d 883, 946 P.2d 841] [*Greyhound* rule of liberal construction in favor of discovery remains applicable to current discovery statutes].) Thus discovery statutes have generally been construed to uphold the right to discovery wherever reasonable and possible. (See, e.g., Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial 2 (The Rutter Group 1998) ¶ 8:36 et seq., p. 8B-4 et seq.) ■■ Hence the *instant case requires reconciliation of two key principles of California discovery law: the principle of liberal construction in favor of discovery versus the requirement of informal efforts to resolve disputes. Reconciling these principles while recognizing both the broad range of a trial judge's discretion and the proper judicial goal of minimizing unnecessary expense requires attention to the question of remedy when an effort at informal resolution is found wanting. Thus discovery should not be automatically denied in such circumstances; instead the trial court should consider whether it would be more appropriate to specify additional efforts which will be

---

not stated in the opinion, but the scenario raises the specter that the moving party was denied discovery notwithstanding a possibly reasonable belief that nothing further was required.

[9]If summary denial of further discovery were the inevitable consequence, counsel would have no choice but routinely to engage in expensive overkill—measures designed not to facilitate resolution of the discovery dispute, but instead to mollify the judge, unnecessarily driving up the cost of litigation and consequently damaging the public interest.

required before the court will turn to the merits of the discovery dispute.[10] Relevant factors will include the history of the case and the past conduct of counsel as it reflects upon the bona fides of their efforts, the nature and extent of the actual efforts expended, the nature of the discovery requested and its importance to the case, the size and complexity of the case, the effect of expense upon litigation of the case and whether unfeasible levels of expense might force resolution on a basis other than the merits, the margin by which the moving party deviated from a reasonable and good faith effort at informal resolution under the circumstances, the predictability that an effort of the type made would be found wanting, whether supplemental responses have been served,[11] and such other factors as are relevant under all the circumstances presented.[12] Inasmuch as judges are duty bound to manage court calendars with a view to minimizing both delay (Gov. Code, § 68607) and unnecessary expense (cf. *Calcor Space Facility, Inc.* v. *Superior Court, supra*, 53 Cal.App.4th at p. 221), the prospects that further informal efforts would be fruitful should also be considered. ▮▮▮ When appropriate, the party whose efforts were found wanting may be assessed with monetary sanctions.

In the instant case we do not know what ultimate resolution would have resulted from application of such considerations, for the trial judge denied the motion simply on the basis that plaintiff's lone letter was an insufficient effort at informal resolution. Hence we will grant plaintiff's writ petition to the extent of directing the trial court to consider the proper remedy for plaintiff's insufficient efforts, and to rule accordingly.

[10]We do not suggest excessive imposition of such additional requirements. They should be imposed only where the informal resolution efforts in evidence are truly inadequate. We are aware that in the current "fast track," statistic-driven environment, it sometimes seems that courts impose procedural requirements on litigants not to forward the case toward resolution on the merits, but instead to drive up the cost of obtaining a resolution on the merits to unfeasible levels, thus forcing resolution on a basis other than the merits. Although it is widely accepted that fast track reforms were needed because of the "justice delayed is justice denied" effect of long time lags to trial, the objective of the court system remains the achievement of justice. A judicial tactic of imposing burdens simply to coerce resolution on a basis other than the merits by driving costs to unfeasible levels would be closely analogous to the tactic of a litigant who abuses discovery with the same objective in mind. Both types of conduct are equally improper, or perhaps that of the judge more so in view of the judge's role as the guardian of justice. When administering the discovery system, courts should therefore take care to minimize, not maximize, expense. A judicial decision regarding whether to require further efforts at informal resolution before the court will rule should be the product of balanced judgment with the objective of promoting ultimate resolution on the merits, and should not be used simply as a cost-producing, calendar-clearing coercive measure.

[11]Cimm's served supplemental responses before the hearing of plaintiff's motion.

[12]In view of the short time periods allowed under fast track time guidelines, a court may be justified in imposing short time deadlines for any additional informal resolution efforts required.

D. *The court did not err in requiring notice to plaintiff's former supervisor in the manner specified in Code of Civil Procedure section 1985.6.\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III. DISPOSITION

Let a writ of mandate issue directing respondent to vacate that portion of its March 4, 1998, order denying petitioner's motions to compel further response to form and special interrogatories. Respondent is directed to set for hearing the issue of whether outright denial of the discovery requested by petitioner, or some lesser sanction, would be most appropriate.

Real party to bear the costs of this petition.

Boren, P. J., and Fukuto, J., concurred.

---

\*See footnote, *ante*, page 424.