Filed 7/31/23   Nguyen v. City of Los Angeles CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| HOANG NGUYEN, | B321033 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC696016) |
| v. | |
| CITY OF LOS ANGELES et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Steven J. Kleifield, Judge.  Affirmed.

The Blue Law Group and Michael K. Blue for Plaintiff and Appellant.

Hydee Feldstein Soto, City Attorney, Scott Marcus, Chief Assistant City Attorney and Blithe S. Bock, Assistant City Attorney, for Defendant and Respondent.

———————————————

Plaintiff Hoang Nguyen appeals from the imposition of a joint and several $10,000 discovery sanction against him and his counsel pursuant to Code of Civil Procedure section 2023.020 for failing to adequately meet and confer prior to filing motions to compel further discovery.[1]  We affirm the order.

## *PROCEDURAL BACKGROUND*

Nguyen worked for the City of Los Angeles (City) in its advanced water purification facility at Terminal Island.  In 2018, Nguyen brought suit against the City and two supervisors.  He alleged nine causes of action for racial discrimination and fostering and maintaining a racially-hostile work environment.

According to Nguyen, litigation progressed smoothly until 2021, when Deputy City Attorney James Autrey transferred into the case.  Although only indirectly related to this appeal, Nguyen accuses Autrey of discovery abuse, including denying him access to key witnesses at the last minute, making inappropriate speaking objections during depositions, coaching witnesses, and issuing improper written discovery responses.

On November 10, 2021, the City provided responses to Nguyen's third set of written discovery.  Nguyen determined the responses were inadequate.

---

[1]     Code of Civil Procedure section 2023.020 provides: "Notwithstanding the outcome of the particular discovery motion, the court shall impose a monetary sanction ordering that any party or attorney who fails to confer as required pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct."

All further statutory references are to the Code of Civil Procedure unless otherwise specified.

On December 27, 2021, at 8:00 p.m., Nguyen's counsel sent an email to Autrey "as an attempt to meet and confer on the responses issued by the City in connection with Plaintiff's written discovery, set number three." "As an example of the numerous unresponsive answers," Nguyen cited to the City's response to his Special Interrogatory No. 126, setting out four ways in which the answer was noncompliant. Nguyen noted the deadline to file a motion to compel expired the next day and asked for a one-week extension.

Autrey responded the next morning and agreed to a two-week extension. That afternoon, Nguyen replied by email and attached a "detailed meet and confer letter piggybacking upon [our] email on December 27, 2021 and your response this morning." In contrast to his brief email the day before, Nguyen's December 28, 2021 letter was 36 pages long and described the City's purportedly deficient responses to Nguyen's requests for production of documents, special and form interrogatories, and requests for admissions. The letter also demanded supplemental responses by January 3, 2022, because Nguyen's opposition to the City's motion for summary judgment was due January 10, 2022.

On January 5, 2022, having received no response from Deputy City Attorney Autrey, Nguyen filed four motions to compel, seeking further responses to his form interrogatories, requests for admission, special interrogatories, and requests for production of documents. Nguyen also sought monetary sanctions totaling $9,440 for filing the motions. The City opposed Nguyen's motions to compel and additionally sought monetary sanctions for Nguyen's failure to make a reasonable and good faith attempt to resolve the dispute informally.

On January 31, 2022, Nguyen filed a separate motion for monetary sanctions against Autrey and the City as well as terminating sanctions against the City for Autrey's "egregious" discovery abuse.

By order dated March 24, 2022, the trial court denied Nguyen's four discovery motions on the ground he had failed to provide an adequate and complete separate statement as required by California Rules of Court, rule 3.1345. It also denied Nguyen's January 31, 2022 motion for monetary and terminating sanctions. Nguyen cannot and does not challenge these interlocutory orders in this appeal. (*Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432 [absent specific statutory authorization, discovery motions are not appealable; review may be available by extraordinary writ].)

The instant appeal instead takes issue with the court's order granting the City's request for monetary sanctions. That part of the order is appealable under section 904, subdivision (a)(12).[2] The court found Nguyen and his counsel misused the discovery process when they failed to make a reasonable and good faith attempt to resolve the issues informally before filing the motions to compel. The court explained Nguyen and his counsel obtained an extension of time to file the motions through "trickery."

The court found Nguyen deceived Autrey into believing he would meet and confer in good faith if granted an extension to do so. Rather than "attempt to talk the matter over, compare their

---

[2] Section 904.1, subdivision (a)(12), permits an appeal to be taken from an order "directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)."

4

views, consult, and deliberate" (*Townsend v. Superior Court* (1998) 61 Cal.App.4th 1431, 1439), Nguyen instead demanded supplemental responses to "almost all" of the written discovery within three days.[3]  In short, the court concluded there was no attempt at informal resolution despite the December 27 and 28 communications to Autrey.[4]  The trial court awarded the City monetary sanctions pursuant to section 2023.020.

The court accepted Autrey's proposed hourly rate of $500, finding it was reasonable for an attorney with 32 years of experience.  It also found that, in its experience, 20 hours to draft and argue the opposition was realistic.  The court imposed a joint and several $10,000 sanction against Nguyen and his counsel.

Nguyen appealed from the sanctions award.

---

[3]  Noting that December 31, 2021, was an official City holiday and January 3, 2021, was the Monday following the New Year's holiday, the court calculated that Nguyen demanded supplemental responses within three days of the December 28 meet and confer letter.

[4]  The court's exact words were:  "Plaintiff obtained an extension of time to file his motion through trickery on December 27, 2021, i.e. obtaining a two-week extension based on a dispute regarding one interrogatory, and then using that extension to put the discovery responses that are the subject of this motion in issue the next day, December 28, 2021.  The letter demanded that supplemental responses be served no later than January 3, 2022!  The motion was filed on January 5.  This demand over the holidays is about as far from a 'reasonable and good faith attempt at informally resolving a discovery dispute' as one might see in an entire judicial career."

### *DISCUSSION*

The sole issue on appeal is whether the trial court erred when it imposed monetary sanctions jointly and severally against Nguyen and his counsel.**5**  We find no error.

We review an order imposing discovery sanctions for abuse of discretion.  (*Van v. Language Line Solutions* (2017) 8 Cal.App.5th 73, 80; *Pratt v. Union Pacific Railroad Co.* (2008) 168 Cal.App.4th 165, 183 [trial court has broad discretion in deciding whether to impose sanctions and in setting the amount of monetary sanctions].)  We defer to the trial court's factual findings and credibility determinations if they are supported by substantial evidence.  (*Tucker v. Pacific Bell Mobile Services* (2010) 186 Cal.App.4th 1548, 1562.)

The discovery statutes require a trial court to impose sanctions for "misuse of the discovery process" unless it finds the losing party acted with "substantial justification" or "other circumstances make the imposition of the sanction unjust." (§ 2023.030, subd. (a).)  A moving party's failure to confer with the opposing party "in a reasonable and good faith attempt to resolve informally any dispute concerning discovery" prior to filing a motion is a misuse of the discovery process that subjects the party to sanctions.  (§ 2023.010, subd. (i); see also

---

**5**     Nguyen did not challenge the amount of the sanction in his opening brief on appeal.  He did so in his reply brief, contending Autrey's five-page opposition and one-page "sloppy" declaration warranted "perhaps" $250 to $300 per hour and 15 hours in total. By Nguyen's calculation, the trial court should have imposed sanctions in an amount between $3,750 and $4,500.  "We do not consider arguments raised for the first time in a reply brief." (*Committee to Relocate Marilyn v. City of Palm Springs* (2023) 88 Cal.App.5th 607, 636.)

§§ 2030.300, subd. (b)(1) [requiring meet and confer declarations to accompany motions to compel further responses to written interrogatories], 2031.310, subd. (b)(2) [production of documents], 2033.290, subd. (b)(1) [request for admissions].)

"Notwithstanding the outcome of the particular discovery motion, the court shall impose a monetary sanction ordering that any party or attorney who fails to confer as required pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct." (§ 2030.020.)

"A determination of whether an attempt at informal resolution is adequate also involves the exercise of discretion. The level of effort at informal resolution which satisfies the 'reasonable and good faith attempt' standard depends upon the circumstances. In a larger, more complex discovery context, a greater effort at informal resolution may be warranted. In a simpler, or more narrowly focused case, a more modest effort may suffice. The history of the litigation, the nature of the interaction between counsel, the nature of the issues, the type and scope of discovery requested, the prospects for success and other similar factors can be relevant. Judges have broad powers and responsibilities to determine what measures and procedures are appropriate in varying circumstances." (*Obregon v. Superior Court* (1998) 67 Cal.App.4th 424, 431 (*Obregon*).) "The trial judge's application of discretion in discovery matters is presumed correct, and the complaining party must show how and why the court's action constitutes an abuse of discretion in light of the particular circumstances involved." (*Id.* at p. 432.)

Here, the trial court found Nguyen's attempt at resolving his discovery disputes to be inadequate. We agree with the observation made by the court in *Obregon* that "[w]hether

7

reviewed according to the substantial evidence or the abuse of discretion standard, or an amalgam of the two, the trial judge's decision that a greater effort at informal resolution should have been made is amply supported by this record." (*Obregon, supra,* 67 Cal.App.4th at p. 433.)

The record shows that, less than 24 hours before the deadline for filing his own discovery motion, Nguyen sent a meet and confer email that identified one special interrogatory as an "example" of the City's unresponsive answers. Nguyen did not identify any problems with the City's responses to his requests for admissions, form interrogatories, or requests for production of documents in that email. After the City granted him a two-week extension to file a motion to compel, Nguyen demanded the City provide supplemental responses within three court days to "almost all" of his written discovery requests, not just to the special interrogatories. Once the court found that "[t]his demand over the holidays is about as far from a 'reasonable and good faith attempt at informally resolving a discovery dispute' as one might see in an entire judicial career," the trial court was required to impose sanctions under section 2030.020. The statute is mandatory: the court "shall" impose a monetary sanction against any party or attorney who fails to confer as required. (§ 2030.020.)

Nguyen contends the trial court erred by entirely failing to consider the factors identified in *Obregon*, particularly that any additional efforts at an informal resolution would not likely bear fruit.[6] According to Nguyen, "the relationship was atrocious and

---

[6]    We summarily reject Nguyen's argument that sanctions are unwarranted because his prediction that the City would not provide further responses came true: the City failed to provide

8

the likelihood of getting any discovery from Mr. Autrey was zero—and thus very little was needed to meet the required reasonable and good faith attempt at informal resolution, and that such requirement had to be met with the 36-page meet and confer letter and the eight days provided before filing the motion to compel."[7] (*Obregon, supra*, 67 Cal.App.4th at p. 431.)

As an initial matter, we observe *Obregon* does not address monetary sanctions under section 2023.020, the statute relied upon by the trial court. *Obregon* instead relied upon former section 2030, subdivision (l), which required a declaration showing a reasonable and good faith attempt at an informal resolution prior to filing a motion to compel further responses to interrogatories. (*Obregon, supra,* 67 Cal.App.4th at p. 428.)

Notwithstanding this distinction, the *Obregon* court specified factors that were "relevant," not mandatory, to the court's inquiry in evaluating the adequacy of a party's meet-and-confer process. Nor must the trial court make express findings as to each factor. *Obregon* instead "entrusted to the trial court's discretion and judgment" the determination of what level of effort is reasonable to meet the statutory requirement. (*Obregon*,

---

any further discovery between the initial meet and confer email on December 27, 2021, and the hearing on March 24, 2022. This misses the mark: The discovery statutes require attempts at informal resolution before the filing of a motion to compel, not based on counsel's subjective view that the meet and confer process would likely fail.

[7] Nguyen counts eight days between his initial December 27, 2021 email and when he filed his motions to compel on January 5, 2022. The trial court disagreed, finding that the time within which the City had to act according to Nguyen's demand was three court days.

*supra*, 67 Cal.App.4th at p. 433.) In the absence of express findings, this court may imply any findings necessary to support the trial court's order. This is especially so when the record does not affirmatively disclose the failure to consider any relevant matters. "The doctrine of implied findings requires the appellate court to infer the trial court made all factual findings necessary to support the judgment. [Citation.] The doctrine is a natural and logical corollary to three fundamental principles of appellate review: (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error." (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.) The parties explicitly presented their contentious discovery disputes to the trial court. The court observed that Deputy City Attorney Autrey's discovery conduct was "questionable." The record, thus, indicates a weighing of the matter and reflects the court's reasoned allocation of blame.

If anything, *Obregon* supports the trial court's order. In *Obregon*, the plaintiff sent a letter requesting further responses to discovery with approximately 13 days left before a motion to compel had to be filed. The plaintiff received the defendant's response one day before the filing deadline. Due to the impending deadline, the plaintiff filed her motion to compel without asking for an extension or making further contact. (*Obregon, supra*, 67 Cal.App.4th at p. 428.) The court noted, "[a] single letter, followed by a response which refuses concessions, might in some instances be an adequate attempt at informal resolution," but ultimately concluded, under the circumstances presented, "the trial judge's decision that a greater effort at

10

informal resolution should have been made [was] amply supported by [the] record." (*Id*. at pp. 432–433.)

Nguyen's efforts at an informal resolution were less than the paltry efforts made by the *Obregon* plaintiff. Nguyen attempted to meet and confer with the City with hours left to file a motion to compel, not 13 days. Unlike in *Obregon*, where the defendant provided a substantive response, Nguyen gave the City no time to meet and confer. Within hours of the City's agreement to a two-week extension to file a motion to compel, Nguyen unilaterally imposed a deadline to submit supplement responses to extensive discovery that was three court days away and immediately following a holiday weekend. Nguyen then filed the motion to compel without any further effort at informal resolution. Under these circumstances, *Obregon* does not help Nguyen.

Again relying on *Obregon*, Nguyen states the court erred in imposing monetary sanctions rather than considering other available remedies. *Obregon* does not support this argument. As we have observed, *Obregon* is not a monetary sanctions case under section 2023.020. There, the trial court denied the plaintiff's motion because she failed to adequately meet and confer as required by former section 2030, which expressly permitted monetary, issue, terminating, and other sanctions. The *Obregon* court held that discovery should not have been automatically denied; "instead the trial court should consider whether it would be more appropriate to specify additional efforts which will be required before the court will turn to the merits of the discovery dispute." (*Obregon, supra,* 67 Cal.App.4th at pp. 434–435.)

11

By contrast, the trial court here imposed sanctions pursuant to section 2030.020, which provides that the trial court "shall impose a monetary sanction" in the form of attorney fees once it finds a party or attorney failed to confer as required. We conclude the trial court faithfully followed the statutory mandate. The trial court had before it a complete failure to try to meet and confer and a procedurally deficient motion. Under these circumstances, we find no error.

Lastly, we reject Nguyen's attempt to reverse the sanctions order by citing to this court's inherent powers of equity and justice. Nguyen provides no reasoned analysis or legal authority for this argument, only an attempt to reargue facts that the trial court found unconvincing.

### DISPOSITION

The March 24, 2022 order imposing discovery sanctions against Nguyen and his counsel is affirmed. The City to recover its costs on appeal.

RUBIN, P. J.

WE CONCUR:

MOOR, J.

KIM, J.

12