Filed 2/11/26  HCMC Legal v. Hartstein CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| HCMC LEGAL, INC., | B344266 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. 22BBCV00516) |
| BRIAN HARTSTEIN, | |
| Defendant; | |
| TRU STAFFING PARTNERS, INC., | |
| Objector and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Affirmed.

CDF Labor Law, Todd R. Wulffson, Hannah Hong and Nancy N. ("Niki") Lubrano for Plaintiff and Appellant.

Baker & Hostetler and Joelle A. Berle for Objector and Respondent.

## INTRODUCTION

The Code of Civil Procedure requires that monetary sanctions be imposed against any party or attorney who fails to meet and confer before bringing certain discovery motions.  (Code Civ. Proc., §§ 2023.020, 2025.480.)  Here, a plaintiff subpoenaed business records from a third party.  The third party responded with objections and refused to produce any documents.  When the plaintiff moved to compel, the third party argued the motion was untimely and that the plaintiff failed to meet and confer before bringing the motion as required by the Code of Civil Procedure.  The trial court agreed and denied the motion to compel as untimely.  The court then proceeded to impose a monetary sanction of $20,000 against the plaintiff for failing to meet and confer before bringing the motion to compel.

The plaintiff now appeals, arguing the trial court both erred in concluding that the plaintiff failed to meet and confer, and abused its discretion in setting the amount of the monetary sanction.  As the trial court's determination was supported by substantial evidence and the plaintiff has failed to establish any abuse of the court's discretion, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

I.    *Lawsuit and Subpoena*

Plaintiff and appellant HCMC Legal, Inc. (HCMC) filed suit against its former employee, Brian Hartstein (Hartstein), alleging various causes of action for breach of contract and breach of fiduciary duties.  HCMC's claims arose from Hartstein's decision to resign from HCMC without notice to work for one of HCMC's direct competitors.  HCMC alleged Hartstein misappropriated HCMC's confidential information and improperly solicited its clients and employees when he left the company.

2

In leaving HCMC, Hartstein utilized the recruiting service Tru Staffing Partners, Inc. (Tru Staffing). In January 2024, HCMC served a subpoena for business records on Tru Staffing, seeking various documents concerning its work with Hartstein. In response, counsel for Tru Staffing contacted counsel for HCMC by telephone in February 2024 to discuss the scope of the subpoena. HCMC and Tru Staffing have presented different accounts of what transpired during this phone call, but it is undisputed that no agreement was reached to narrow or limit the subpoena in any way.

Shortly after the call, Tru Staffing responded to the subpoena by serving objections to each category of document requests without producing any documents. In its objections, Tru Staffing argued, among other things, that HCMC's subpoena was overbroad, "vague, ambiguous, irrelevant, unintelligible, unduly burdensome," invaded privacy rights, sought Tru Staffing's trade secrets, and sought records that were "equally or more readily available from the parties in this action."

On June 26, 2024, counsel for HCMC sent an email to counsel for Tru Staffing stating, "Please produce responsive documents to HCMC's subpoena or [we] will be forced to bring a motion to compel regarding same." Tru Staffing's counsel responded by noting that Tru Staffing had already responded to the subpoena by serving objections.

II.    *Motion to Compel*

HCMC did not take any further action in connection with the subpoena until November 2024, when it filed a motion to compel Tru Staffing to produce responsive documents. HCMC's motion addressed the merits of Tru Staffing's objections. HCMC argued at length that the documents it sought in the subpoena were relevant, not unduly burdensome, and did not

impermissibly invade privacy rights. HCMC also represented that its counsel met and conferred with Tru Staffing's counsel regarding the scope of the subpoena before filing the motion.

HCMC's motion was accompanied by a declaration from its counsel attesting to the substance of the February 2024 phone call with Tru Staffing's counsel. According to HCMC's counsel, during that call, the parties met and conferred on the scope of the subpoena. HCMC admitted that one of its document requests was overbroad and invited Tru Staffing to "propose language to narrow the categories of documents sought for [HCMC]'s consideration." Tru Staffing never did so and did not offer any explanation as to how the other requests were overbroad.

Tru Staffing opposed HCMC's motion to compel. Tru Staffing's opposition addressed the merits of HCMC's arguments on the validity of Tru Staffing's objections. It also claimed that HCMC's motion was untimely under Code of Civil Procedure section 2025.480, subdivision (b).[1] Tru Staffing argued that under section 2025.480, HCMC had to bring its motion to compel within 60 days of the service of Tru Staffing's objections. As HCMC's motion to compel was brought approximately 250 days after Tru Staffing served its objections, Tru Staffing claimed the court had no choice but to deny the motion to compel.

Tru Staffing's opposition also sought monetary sanctions against HCMC, arguing that HCMC failed to satisfy its statutory obligation to meet and confer before filing the motion to compel. Tru Staffing alleged that the February 2024 phone call and June 2024 email were not sufficient to satisfy the meet and confer obligation imposed by the Code of Civil Procedure.

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise specified.

4

Tru Staffing's opposition was accompanied by a declaration from its counsel, which painted a different picture of the February 2024 call between counsel for HCMC and Tru Staffing. According to Tru Staffing, the call was initiated by Tru Staffing, not HCMC, and "was not a meet and confer [call] on HCMC's forthcoming [motion to compel]." On the call, Tru Staffing asserted that the subpoena was "overbroad, sought documents that could easily be obtained from the parties in the case, and sought privileged, confidential trade secret information." Tru Staffing invited HCMC to "identify if there were specific records HCMC needed so that Tru Staffing could produce relevant, responsive, non-confidential, and non-party documents."

According to Tru Staffing's counsel, HCMC objected to this offer. Instead, HCMC's counsel acknowledged that Hartstein had already produced the records sought in the subpoena, but stated that those records were "heavily redacted" and HCMC wanted unredacted records from Tru Staffing. This was the "only reason" that HCMC gave "for needing the documents requested in the subpoena from Tru Staffing." Tru Staffing asserted that HCMC should address any dispute regarding Hartstein's redactions to Hartstein, not Tru Staffing. HCMC responded that it was "entitled to the broad scope of the requests in the subpoena, and refused to propose any limitations to those requests."

The declaration of Tru Staffing's counsel also detailed the attorneys' fees incurred by Tru Staffing in connection with the subpoena and the motion to compel. Specifically, counsel attested that "Tru Staffing incurred $36,459.50 in attorneys' fees opposing HCMC's Motion," and incurred an additional "$21,757.50 in attorneys' fees to review and analyze the subpoena, review the claims asserted in the Complaints and scope of the document requests, meet and confer with HCMC's counsel on the scope of the requests,

5

research case law and respond to the subpoena, evaluate the scope of the confidential and protected information sought, assess the June 26, 2024 email demand from HCMC's counsel," and other related work. Counsel's declaration identified the attorneys who performed this work, the amount of time spent by each of those attorneys, and their respective hourly rates.

In response, HCMC filed a reply addressing the merits of Tru Staffing's objections. HCMC also argued that it satisfied its meet and confer obligation. HCMC did not dispute the amount of fees Tru Staffing incurred in connection with the subpoena and motion to compel, nor did it argue that the fees incurred were unreasonable or excessive.

The court denied HCMC's motion to compel, determining that it failed to comply with the 60-day statutory deadline under section 2025.480, subdivision (b). The trial court then turned to Tru Staffing's request for monetary sanctions. The court determined that "Evidence presented demonstrates that HCMC's communication with Tru Staffing was minimal and failed to meet the statutory requirement for good faith efforts." The court noted that under section 2023.020, "monetary sanctions are mandatory for failure to comply with the meet-and-confer requirement." However, the court held that Tru Staffing's request for more than $55,000 in attorneys' fees was "excessive given the scope and complexity of the motion." Accordingly, the trial court exercised its discretion to reduce the fee award, concluding that an award of $20,000 "reflect[ed] reasonable expenses incurred in opposing the motion."

HCMC timely appealed. On appeal, HCMC does not allege the trial court erred in denying its motion to compel; it only argues that the monetary sanctions imposed by the trial court were unwarranted and excessive.

6

## DISCUSSION

I.     *Legal Standards*

Under section 2025.480, if a nonparty fails to produce documents specified in a subpoena, the subpoenaing party may move for an order compelling compliance and production.  (§ 2025.480, subd. (a).)  The motion "shall be accompanied by a meet and confer declaration under Section 2016.040."  (§ 2025.480, subd. (b).)  Section 2016.040 places the burden on the moving party to show "a reasonable and good faith attempt" was made "either in person, by telephone, or by videoconference, to informally resolve each issue presented by the motion."  (§ 2016.040, subd. (a).)

"Argument is not the same as informal negotiation."  (*Townsend v. Superior Court* (1998) 61 Cal.App.4th 1431, 1437 (*Townsend*).)  "[A]ttempting informal resolution means more than the mere attempt by the discovery proponent 'to persuade the objector of the error of his ways' [citation]."  (*Clement v. Alegre* (2009) 177 Cal.App.4th 1277, 1294 (*Clement*).)  "Rather, the law requires that counsel attempt to talk the matter over, compare their views, consult, and deliberate."  (*Townsend, supra,* 61 Cal.App.4th at p. 1439.)  Under section 2023.020, "Notwithstanding the outcome of the particular discovery motion, the court shall impose a monetary sanction ordering that any party or attorney who fails to confer as required pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct."  (§ 2023.020.)

In determining whether a moving party has satisfied the meet and confer obligation, the trial court must evaluate "whether, from the perspective of a reasonable person in the position of the discovering party, additional effort appeared likely to bear fruit. . . .  Although some effort is required in all instances [citation], the level of effort that is reasonable is

7

different in different circumstances, and may vary with the prospects for success.  These are considerations entrusted to the trial court's discretion and judgment, with due regard for all relevant circumstances."  (*Obregon v. Superior Court* (1998) 67 Cal.App.4th 424, 432–433.)

"Orders imposing discovery sanctions are reviewed for abuse of discretion.  [Citation.]  '"We view the entire record in the light most favorable to the court's ruling, and draw all reasonable inferences in support of it.  [Citation.]  . . . .  The trial court's decision will be reversed only 'for manifest abuse exceeding the bounds of reason.'"'  [Citation.]  A sanctions order exceeds the bounds of reason when the trial court acted in an 'arbitrary, capricious, or whimsical' fashion.  [Citation.]"  (*Victor Valley Union High School Dist. v. Superior Court* (2023) 91 Cal.App.5th 1121, 1137 (*Victor Valley*).)

"The trial court's findings of fact that underlie a discovery sanction are reviewed for substantial evidence.  [Citation.]  'In this regard, "the power of an appellate court begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination [of the trier of fact]."'  [Citation.]"  (*Victor Valley*, *supra,* 91 Cal.App.5th at p. 1137.)

II.     *Substantial Evidence Supports the Trial Court's Conclusion that HCMC Did Not Satisfy Its Meet and Confer Obligation*

To satisfy its meet and confer obligation, HCMC was obligated to attempt to informally resolve "each issue" presented by its motion to compel before filing that motion.  (§ 2016.040, subd. (a).)  HCMC argues the February 2024 phone call satisfied its meet and confer obligation.  However, there was conflicting evidence regarding what transpired during that call.

8

According to Tru Staffing, it raised numerous substantive objections to the document demands in the subpoena, including that they were overbroad, sought documents equally available from parties to the litigation, and included documents that were privileged and contained Tru Staffing's confidential trade secrets. Rather than address the substance of the objections during the call, HCMC acknowledged that it could obtain these same documents from Hartstein but stated that it preferred to pursue unredacted copies of the documents from Tru Staffing instead.

By contrast, in its motion to compel HCMC addressed the substantive merits of Tru Staffing's various objections, including several pages of legal analysis and caselaw that, according to Tru Staffing, were never raised or discussed during the phone call. Instead, Tru Staffing represented that it only learned of the basis for HCMC's motion "when it was served with the moving papers." The declaration of Tru Staffing's counsel attesting to these facts is substantial evidence that HCMC did not attempt to informally resolve "each issue" presented by its motion to compel as required by section 2016.040, subdivision (a). (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981 (*Thompson*) ["A single witness's testimony may constitute substantial evidence to support a finding"].)

In arguing that it satisfied its meet and confer obligation, HCMC relies on the declaration submitted by its counsel in connection with the motion to compel. This reliance is misplaced.

In reviewing for substantial evidence, the question is not whether HCMC presented evidence that could have supported a different outcome; rather, we ask only whether there was evidence in the record supporting the result reached by the trial court. Here, the declarations of counsel presented conflicting evidence regarding HCMC's efforts to meet and confer. In

9

resolving this conflict, the trial court was not required to accept and credit HCMC's version of events over Tru Staffing's. In determining that HCMC failed to adequately meet and confer, the trial court necessarily made a credibility determination and decided to credit Tru Staffing's version of events over HCMC's.[2] We do not disturb such credibility determinations on appeal. (*Thompson, supra,* 6 Cal.App.5th at p. 981 ["It is not our role as a reviewing court to reweigh the evidence or to assess witness credibility"].)[3]

As substantial evidence supports the trial court's factual finding that HCMC did not adequately meet and confer, the trial court did not abuse its discretion in holding that sanctions were warranted under section 2023.020.

III. *The Trial Court did not Abuse its Discretion in Setting the Amount of Sanctions at $20,000*

HCMC argues the monetary sanction of $20,000 was excessive and punitive, and therefore an abuse of the trial court's discretion. "A court's decision to impose a particular sanction is 'subject to reversal only for manifest abuse exceeding the bounds of reason.' [Citation.]" (*Electronic*

---

[2] "The absence of an express credibility finding does not matter when the trial court's implied finding is clear and enjoys rational support." (*Letgolts v. David H. Pierce & Associates, PC* (2021) 71 Cal.App.5th 272, 286.)

[3] To the extent HCMC also attempts to rely on the arguments of its counsel at the hearing on HCMC's motion to compel, this reliance is misplaced as well. The unsworn statements made by HCMC's counsel at the hearing on its motion are not evidence upon which the trial court could rely in determining whether HCMC satisfied its meet and confer obligation. (*People v. Kiney* (2007) 151 Cal.App.4th 807, 815 ["Unsworn statements of counsel are not evidence because unsworn testimony in general does not constitute 'evidence' within the meaning of the Evidence Code"].) Counsel's unsworn statements are therefore irrelevant to the question of whether substantial evidence supports the trial court's factual findings.

10

*Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1183.) We find no such abuse of discretion by the trial court.

We note that HCMC's argument on appeal that Tru Staffing's claimed fees were excessive and unreasonable was never raised in the trial court. In support of its request for monetary sanctions, Tru Staffing's counsel submitted a declaration attesting to the time spent addressing HCMC's subpoena and opposing HCMC's motion to compel. These fees totaled over $55,000. In response, HCMC presented no counter-declaration or evidence suggesting that the hours spent by Tru Staffing's attorneys were unreasonable or that their hourly rates were excessive. Nor did HCMC present any argument on these points either in its reply brief in support of the motion to compel or at the hearing on its motion. For this reason alone, we could find HCMC has forfeited this claim of error and affirm the court's order. (See *Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564 (*Premier Medical*) ["Failure to raise specific challenges [to the amount of a fee award] in the trial court forfeits the claim on appeal"].)

Even ignoring this forfeiture, we would still conclude that HCMC has failed to establish any abuse of discretion by the trial court. "In challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence. General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." (*Premier Medical, supra,* 163 Cal.App.4th at p. 564; accord *Hadley v. Krepel* (1985) 167 Cal.App.3d 677, 684.)

On appeal, HCMC raises only one specific objection to the amount of fees claimed by Tru Staffing: that the fees incurred by Tru Staffing included

time that its counsel spent reviewing the history of the discovery disputes between HCMC and Hartstein, which was unnecessary to oppose HCMC's motion to compel. HCMC argues Tru Staffing's fee award should have been reduced to account for this unnecessary work.

However, even if we were to accept HCMC's claim that such work was unwarranted, this alone would not establish an abuse of discretion by the trial court. First, we note that the trial court reduced Tru Staffing's award by over $35,000, more than half of the fees it requested. On appeal, HCMC has made no showing that this single category of unwarranted billing was not already encompassed in the trial court's significant reduction in the fees claimed by Tru Staffing. (See *Avikian v. WTC Financial Corp.* (2002) 98 Cal.App.4th 1108, 1119.) HCMC has "not even attempted to do so," and therefore has given us no basis to overturn the trial court's sanction order. (*Ibid.*)

In the absence of cogent and specific objections to the billing incurred by Tru Staffing, HCMC's conclusory assertion that the motion to compel was "simple" is insufficient to establish that the trial court abused its discretion. While HCMC claims that its motion was "simple," we note the motion included a 60-page separate statement containing extensive legal argument on the merits of Tru Staffing's objections, and that Tru Staffing prepared and filed a separate statement exceeding 100 pages in opposing the motion. Regardless of HCMC's belief that Tru Staffing was obligated to turn over the documents sought by its subpoena, it is clear that both HCMC and Tru Staffing expended significant time and effort on the motion to compel.

"An experienced trial judge is in the best position to evaluate the value of professional services rendered in the trial court." (*Karton v. Ari Design & Construction, Inc.* (2021) 61 Cal.App.5th 734, 743.) Here, the trial court

12

significantly reduced Tru Staffing's requested award to less than half of the attorneys' fees it actually incurred. HCMC has not shown that the trial court's decision not to reduce the award even further was arbitrary, capricious, whimsical, or otherwise beyond the bounds of reason. (See *Clement*, *supra*, 177 Cal.App.4th at p. 1286; *Victor Valley*, *supra,* 91 Cal.App.5th at p. 1137.) Accordingly, HCMC has failed to establish an abuse of discretion by the trial court in setting the amount of the monetary sanctions under section 2023.020.

IV.     *Tru Staffing's Request for Attorneys' Fees on Appeal*

Tru Staffing asks us to award it further monetary sanctions under section 2023.020 to reimburse it for the attorneys' fees it has incurred on appeal. We decline Tru Staffing's invitation. If Tru Staffing believes it is statutorily entitled to an award of the attorneys' fees it incurred on appeal, it may follow the procedure outlined in California Rules of Court, rule 3.1702(c)(1), to bring such a motion in the trial court after remittitur issues. We express no opinion on the merits of that motion.

## DISPOSITION

The trial court's order sanctioning HCMC is affirmed.  Tru Staffing is awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, P. J.

WE CONCUR:


MORI, J.


TAMZARIAN, J.

14